# 25-2528

## United States Court of Appeals
*for the*
## Second Circuit

Selma Moy,

*Plaintiff-Appellant,*

v.

Napoli Shkolnik, PLLC, Paul Napoli, Marie Napoli,

*Defendants-Appellees,*

Gloria Werle, Salvatore C. Badala,

*Defendants*.

On appeal from a Judgment of the United States District Court,
Southern District of New York

# Brief of Plaintiff-Appellant

Stephen Bergstein

Bergstein & Ullrich
5 Paradies Lane
New Paltz, New York 12561
(845) 469-1277
Counsel for Plaintiff-Appellant

## Table of Contents

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Question Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Point I: The district court abused its discretion in dismissing this case for failure to prosecute . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

A. There was no significant delay . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

B. The district court did not provide Plaintiff any notice that delay risked dismissal of the case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

C. Defendants would have suffered no prejudice from a 60-day discovery extension . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

D. The district court did not adequately assess lesser sanctions . . . . . . . . 15

E. The district court did not properly balance its calendar against Plaintiff's opportunity to proceed on the merits. . . . . . . . . . . . 17

F. The district court did not consider whether Plaintiff's delay was willful or in bad faith. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

G. This case does not compare with the egregious defaults that led to dismissals under Rule 41(b) . . . . . . . . . . . . . . . . . . . . . . . . 21

Point II: Plaintiff submitted evidence demonstrating her case is meritorious . . . . . . . . . . 25

Conclusion . . . . . . . . . . 30

Certification . . . . . . . . . . 31

## Table of Authorities

**Cases**

Agiwal v. Mid Island Mortg. Corp.,
555 F.3d 298 (2d Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Ayers v. SGS Control Servs.,
No. 03-CV-9077, 2007 WL 646326
(S.D.N.Y. Feb. 27, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Bambu Sales, Inc. v. Ozak Trading Inc.,
58 F.3d 849 (2d Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Baptiste v. Sommers,
768 F.3d 212 (2d Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . 6, 13, 16, 17, 19

Bryant v. Silverman,
No. 15 CIV 8427 (PAC) (HBP), 2019 WL4195439
(S.D.N.Y. Aug. 5, 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Chambers v. TRM Copy Centers Corp.,
43 F.3d 29 (2d Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Chertkova v. Conn. Gen. Life Ins. Co.,
92 F.3d 81 (2d Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Chira v. Lockheed Aircraft Corp.,
634 F.2d 664 (2d Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Colon v. Mack,
56 F.3d 5 (2d Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 16

Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.,
271 F.3d 374 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Coss v. Sullivan Cnty. Jail Adm'r,
171 F.R.D. 68 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Crispin v. Roach,
2025 WL 1364089 (2d Cir. May 12, 2025) . . . . . . . . . . . . . . . . . . . . . . 18, 19

Daval Steel Products v. M/V Fakredine,
951 F.2d 1357 (2d Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Gibbs v. Hawaiian Eugenia Corp.,
966 F.2d 101 (2d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Heendeniya v. St. Josephs Hosp. Health Ctr.,
830 F. App'x 354 (2d Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Jackson v. City of New York,
22 F.3d 71 (2d Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Kaytor v. Elec. Boat Corp.,
609 F.3d 537 (2d Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25, 26

Long v. Lian,
2024 WL 4212190 (2d Cir. Sept. 17, 2024). . . . . . . . . . . . . . . . . . . . . . 21, 22

LeSane v. Hall's Sec. Analyst, Inc.,
239 F.3d 206 (2d Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 29

Lucas v. Miles,
84 F.3d 532 (2d Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . 9, 13, 14, 16, 17, 18

Martens v. Thomann,
273 F.3d 159 (2d Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11, 16

Minotti v. Lensink,
895 F.2d 100 (2d Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Mitchell v. Lyons Professional Services,
708 F.3d 463 (2d Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

Murray v. Bouck,
No. 19-CV-00317-MKV, 2020 WL 6381935
(S.D.N.Y. Oct. 30, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Nita v. Conn. Dept. of Env't Protection,
16 F.3d 482 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Perry v. City of New York,
No. 13-CV-1015 (VSB), 2016 WL 11807718
(S.D.N.Y. Mar. 7, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

Ruiz v. Citibank, N.A.,
No. 10-CV-5950, 2014 WL 4635575
(S.D.N.Y. Aug. 19, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Saleem v. Corp. Transp. Grp.,
No. 12-CV-8450, 2013 WL 6331874
(S.D.N.Y. Dec. 5, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Spencer v. Doe,
139 F.3d 107 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Stoute v. Rockefeller Found.,
No. 93 Civ. 2628 (SAS), 1995 WL 708690
(S.D.N.Y. Nov. 30, 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23, 24, 25

Teelucksingh v. Bishop Ford Cent. Catholic High Sch.,
No. 12-CV-3214, 2014 WL 4699699
(E.D.N.Y. Sept. 22, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

U.S. ex rel. Drake v. Norden Sys., Inc.,
375 F.3d 248 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 10, 11

Valentine v. Museum of Modern Art,
29 F.3d 47 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.,
694 F.3d 155 (2d Cir. 2012) . . . . . . . . . . 11, 17

**Statutes**

Fed. R. Civ. P. 41(b) . . . . . . . . . . passim

Fed. R. Civ. P. 56 . . . . . . . . . . 24

42 U.S.C. § 1981 . . . . . . . . . . 1, 2, 27

## Jurisdiction

As Plaintiff-Appellant Selma Moy brought this action pursuant to 42 U.S.C. § 1981, the district court had subject matter jurisdiction over this case. On September 30, 2025, the district court dismissed the Complaint under Fed. R. Civ. P. 41(b) (JA 264-270), entering a final judgment that same day. (JA 271). Plaintiff filed a notice of appeal on October 13, 2025. (JA 272). This Court therefore has appellate jurisdiction under 28 U.S.C. § 1291.

## Statement of the Case

Plaintiff-Appellant Selma Moy brought this action pursuant to 42 U.S.C. § 1981 and the New York State and City Human Rights Law, asserting that her former employer, a law firm, subjected her to discrimination, a hostile work environment, and retaliation based on her national origin and gender, resulting in her termination. The district court (Ho, D.J.) granted Defendants-Appellees' motion for summary judgment, holding that Plaintiff had failed to prosecute this action, resulting in the production of no admissible evidence that might have created a triable issue of fact. The district court's ruling is reported at 2025 WL 2780865 (S.D.N.Y. Sept. 30, 2025).

## Statement of Facts

Plaintiff commenced this action on May 4, 2023 (JA 2), filing an Amended Complaint on August 25, 2023. (JA 10). On October 6, 2023, Defendants filed a motion to dismiss, which Plaintiff opposed without delay on November 3, 2023. (JA 3). On July 22, 2024, the district court granted the motion in part, holding that Plaintiff asserted claims under § 1981 and the state and city HRL's for employment discrimination and retaliation, as well as claims under the state and city HRL's for hostile work environment. Plaintiff also asserted individual liability claims against Defendants Paul and Marie Napoli. *See* 2024 WL 3498131 (S.D.N.Y. 2024).

Once the district court resolved the motion to dismiss, on August 26, 2024, it issued a scheduling order. (JA 46). Under the order, the parties had to provide initial disclosures under Fed. R. Civ. P. 26 by September 30, 2024. (JA 47). Fact discovery would close by January 31, 2025. (*Id.*) Expert discovery would conclude by March 17, 2025. (JA 48). In issuing the discovery order, the Court stated that "[t]his Order may not be modified or the dates herein extended, except as provided in paragraphs 7(f) and 8(e) or by further Order of the Court for good cause shown. Any application to modify or extend the dates herein, except as provided in

paragraphs 7(f) and 8(e), shall be made in a written application in accordance with the Court's Individual Rules and Practices and shall be made no fewer than *two business days* prior to the expiration of the date sought to be extended." (JA 49) (emphasis in original).

The magistrate judge held a settlement conference on November 7, 2024. (JA 7). Since the case did not settle, on December 6, 2024, Defendants served their first set of interrogatories and document demands on Plaintiff. (JA 101-114). In a letter to the district court on January 31, 2025, Plaintiff requested an extension to the discovery schedule, noting that her counsel, Frederick K. Brewington, Esq., was handling multiple trials and attending a religious conference during the time period designated for fact discovery. (JA 121). The record does not reflect that Defendants responded when Plaintiff sought consent for the proposed extension. On February 3, 2025, the district court ordered Defendants to respond to Plaintiffs request by February 5, 2025. (JA 123). Defendants opposed Plaintiff's request to extend discovery. (JA 125). In their letter, Defendants stated their intent to file a motion to dismiss under Fed. R. Civ. P. 41(b). (*Id.*) Defendants did not mention or suggest that Plaintiff's request for additional time would cause them any prejudice. (*Id.*)

On February 6, 2025, the district court denied Plaintiff's request to extend the discovery schedule. (JA 127). The next day, Plaintiff submitted her initial disclosures, including witness lists, summaries of their anticipated testimony, identification of documents, and email evidence of her claims. (JA 130-36).

On February 24, 2025, Defendants moved for summary judgment on all claims. At the time they filed the motion, Defendants had not provided initial Rule 26 disclosures. In opposition, Plaintiff submitted her declaration (JA 251-59) and that of a witness, Keisha Sandy. (JA 241-45). Plaintiff's opposition also attached a series of exhibits in support of her claims. (JA 153-259).

On September 30, 2025, the Court granted Defendants' summary judgment motion, dismissing all claims on the basis that Plaintiff had failed to prosecute this action. The district court ruled, "because Plaintiff did not participate in any discovery process in any way while fact discovery was open in this case, there is no evidence in the discovery record supporting any element of her claims." (JA 267). The district court concluded, "There would be little point in holding a trial now, as there is literally no admissible evidence that Plaintiff could rely on," rendering summary judgment appropriate. (JA 268). The district court disregarded the evidence that Plaintiff submitted in opposition to the summary judgment motion,

referring it as "an unexplainedly belated proffer [that] comes far too late to cure Plaintiff's failure to prosecute her case during the fact discovery period." (*Id.*) Under the five-part test guiding whether to dismiss the case for failure to prosecute, the district court held "the balance of these factors weighs in favor of dismissal." (JA 269).

## Question Presented

Did the district court abuse its discretion in dismissing the Complaint for failure to prosecute?

This Court should answer in the affirmative and remand this case for discovery.

## Standard of Review

"We review a dismissal for failure to prosecute under the abuse of discretion standard. We may find that the district court abused its discretion if its decision was based on an error of law or a clearly erroneous finding of fact. Further, although the dismissal of a complaint is discretionary for a trial judge, we are not faced with a case in which the trial court's discretionary actions are based on its observations in the courtroom or its superior opportunity to get a 'feel of the case.' In this case, the appellate record contains all the materials upon which the district court's decision hinged. Thus, we need not blindly defer to the trial court's choice." *U.S. ex rel.*

*Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

Despite the deferential standard of review, "because the sanction of dismissal with prejudice 'has harsh consequences for clients, who may be blameless,' we have instructed that 'it should be used only in extreme situations.'" *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014). Even then, dismissal is only warranted "upon a finding 'of willfulness, bad faith, or reasonably serious fault.'" *Mitchell v. Lyons Professional Services*, 708 F.3d 463, 468 (2d Cir. 2013); *see also Martens v. Thomann*, 273 F.3d 159, 179 (2d Cir. 2001) ("We understand the district court's frustration with the lackadaisical manner in which this case was litigated. However, the district court failed to provide any analysis as to why the first sanction meted out was one of the most severe sanctions possible, and the record before us presents no plausible explanation") (citing *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 665 (2d Cir. 1980)).

## Summary of Argument

Cases are not dismissed under Rule 41(b) unless the trial court determines that this harsh result is warranted under a five-part test, along with a finding that the plaintiff's failure to prosecute was willful, in bad faith or represented "serious fault." Importantly, while the abuse of discretion test guides this appeal, this Court is less deferential to the trial court's reasoning on a cold record like this one, and this

Court further carefully examines whether dismissal was proper, as opposed to a less drastic result.

The record does not support the finding that Plaintiff's discovery omissions warrant dismissal, and this Court should reverse. The district court abused its discretion in finding that Plaintiff's first request for an additional 60 days to complete fact discovery would have created "a delay of significant duration," and that Plaintiff's failure to timely provide discovery under the initial scheduling order would have caused Defendant any prejudice. Nor did the district court properly find that its interest in alleviating the court calendar outweighed further delay in completing discovery, particularly in light of Plaintiff's compelling interest in resolving her claim on the merits, as well as the strength of Plaintiff's case, as proven by the evidence she submitted in opposition to Defendants' summary judgment motion. Nor did the district court adequately consider the efficacy of sanctions less harsh than outright dismissal of the case.

## Point I

### The district court abused its discretion in dismissing this case for failure to prosecute

This Court reviews a trial court's order dismissing the case for failure to prosecute by examining five factors, asking whether "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that

further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *Drake,* 375 F.3d at 254. "No one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." *Id*. at 254.

This case "is not one of those 'rare occasions' when the 'drastic remedy' of Rule 41(b) dismissal was warranted." *Spencer v. Doe*, 139 F.3d 107, 114 (2d Cir. 1998) (quoting *Colon v. Mack,* 56 F.3d 5, 7 (2d Cir. 1995)). Under the above five-part test, and bearing in mind that dismissal is not warranted without a finding that the discovery omissions were willful, in bad faith, or represented "serious fault," *Mitchell*, 708 F.3d at 467, the district court's order dismissing the Complaint was an abuse of discretion, as each of the *Drake* factors support Plaintiff's position.

**A. There was no significant delay.**

Contrary to the district court's finding (JA 269), Plaintiff's failure to commence discovery within the deadline would not have caused a "significant" delay in resolving the case on the merits. The deadline to complete fact discovery was only four months after the district court issued the scheduling order. (JA 46-49). Plaintiff filed her first request for an extension on the day

that fact discovery was set for completion, not the date discovery as a whole (including expert discovery) was set to close, and only two months after Defendants had served discovery demands. (JA 69). It is not uncommon for counsel to request more time to complete discovery. In his letter seeking a deadline extension, Plaintiff's counsel stated that his office would respond to Defendants' discovery demands "within the next week" and that he had been delayed in doing because of his trial schedule and other commitments. (JA 69). There is no reason to believe that counsel made these representations in bad faith.

In addition, there had been no prior requests for additional time to complete fact discovery, and on February 7, 2025, only one week after she submitted the request for more time, Plaintiff served her initial disclosures upon Defendants, confirming she was prepared to proceed to discovery as her disclosures identified witnesses, documents, and her expert witness. (JA 130-36). *Compare Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (reversing Rule 41(b) dismissal where "Lucas' non-compliance [in filing supplemental complaint] was no more than 39 days [after the 60 day deadline]. While it is possible to imagine how such a delay could be significant, not in this case. The defendants never even complained about the tardiness of the supplemental complaint; instead they

answered it under the assumption that the litigation would proceed to adjudication on the merits"); *Nita v. Conn. Dept. of Env't Protection*, 16 F.3d 482, 486 (2d Cir. 1994) (delay of less than two months weighed against dismissal); *Jackson v. City of New York*, 22 F.3d 71, 75 (2d Cir. 1994) (reversing Rule 41(b) dismissal in part because "this case is not that old. In fact, the case was filed and dismissed in about thirteen months"); *Gibbs v. Hawaiian Eugenia Corp.*, 966 F.2d 101, 109 (2d Cir. 1992) ("While failure to prosecute is not defined in Rule 41(b), we have held that '[i]t can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics.' Here the action lay dormant for five and a half years. While this seems a considerable time, mindful that dismissal is 'a harsh remedy to be utilized only in extreme situations,' we are unwilling to say that the District Court abused its discretion in failing to dismiss the case for failure to prosecute diligently").

In short, as this was Plaintiff's first request for additional time to complete fact discovery, and she was prepared to fulfill her discovery obligations had the district court granted her request, her failure to prosecute did not "caused a delay of significant duration." *Drake*, 375 F.3d at 254.

**B. The district court denied Plaintiff notice that delay risked dismissal of the case.**

As the district court noted in dismissing the case (JA 269), Plaintiff was

not provided any notice that delay would result in dismissal. While the district court's Individual Practice Rule 2(e)(v) states that it is unlikely that a request to extend discovery deadlines will be granted, and that the court will not grant an extension unless the party requests it at least two business days prior to the deadline (JA 47, 49), this language does not provide notice of dismissal if the party did not complete discovery in time. Nor would the party expect dismissal when the parties have already litigated a motion to dismiss, expert discovery has not yet commenced, and settlement negotiations have taken place.

As the district court stated, the notice factor favored Plaintiff's position on the motion to dismiss. (JA 269). *See World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 160 (2d Cir. 2012) ("Most critically, there is no indication in the record that WWP had any notice that a possible consequence of late filing could be striking its request for damages and no opportunity to argue its case before the court prior to such harsh action being taken against it. . . . While the district court did warn the parties that there would be 'no further extensions,' that is not sufficient to place a party on notice that its request for damages might be stricken"); *Martens*, 273 F.3d at 181 (reversing Rule 41(b) dismissal in part because "[t]he district court did not give the individual plaintiffs express notice that further delays would result in dismissal"). The second *Drake* factor counsels

against dismissal.

In dismissing the case, the district court cited *Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1366 (2d Cir. 1991), in stating that "[p]arties and counsel have no absolute entitlement to be 'warned' that they disobey court orders at their peril." (JA 269). Yet, *Daval* also noted that "formal warnings often precede the imposition of serious sanctions[.]" 951 F.2d at 1366. What distinguishes *Daval* from Plaintiff's case is the finding in *Daval* that the plaintiff had engaged in willful or bad faith noncompliance with the discovery order and had previously obstructed discovery. *Id*. at 1367. Those circumstances are absent here.

### C. Defendants would have suffered no prejudice from a 60-day discovery extension.

Nor can Defendants reasonably claim any prejudice from Plaintiff's request for additional time to complete fact discovery. In their letter in opposition to Plaintiff's extension request, which noted that Plaintiff would provide responses to Defendants' discovery demands within one week (JA 69), Defendants did not claim any prejudice that might result from the extension. Nor would an extension – the first one sought by Plaintiff – have caused any prejudice. (JA 125). Rather, Defendants responded that "Plaintiff has consistently failed to prosecute her case, including failing to submit Initial Disclosures, serve discovery requests, or respond to the written discovery

requests propounded by the Defendants, completely prohibiting the case from moving forward." (JA 125). That is not a prejudice argument.

While Defendants, in opposition to Plaintiff's request, further stated that Plaintiff "should be deemed to have waived her ability to conduct discovery in this case[,]" here too, this argument does not speak to prejudice. (*Id.*) *Compare Baptiste*, 768 F.3d at 218 (in reversing dismissal under Rule 41(b), "defendants have not pointed to any concrete way that they have suffered or will suffer prejudice due to Baptiste's delay. Both argue that, in the words of the federal defendants, the delay has 'increased the likelihood that evidence in support of . . . [their] defenses may be unavailable,' but do not identify specific pieces of evidence that they have reason to believe have disappeared, nor do they specify which of their defenses might be compromised. Nothing in the record suggests any such prejudice"); *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001) ("although 'prejudice to defendants resulting from unreasonable delay may be presumed,' there is no evidence in the record that plaintiff's delay in filing his response caused any particular, or specially burdensome, prejudice to defendants beyond the delay itself. There are, for example, no indications that the delay increased the litigation costs defendants had to bear or reduced (perhaps due to decaying evidence) their likelihood of success on the merits"); *Lucas*, 84 F.3d at

535-36 (the prejudice factor weighed against dismissal where there was "absolutely no evidence" that the delay "prejudiced the defendants in any way" and that "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court").

While Plaintiff provided belated discovery and extension requests, the district court's adverse decision turned on the mistaken premise that discovery would be "starting all over again from the beginning." (JA 269). Yet, Defendants pursued discovery (JA 81 ¶¶ 17-18; JA 101-114), and Plaintiff in turn provided belated discovery to Defendants in February 2025 (JA 130-36), which was still one month prior the expiration of the expert discovery cut-off. (JA 48).

The district court further noted that Plaintiff requested a 60-day extension. Even if the court shortened that request, there would be no prejudice to Defendants, as they had received Plaintiff's detailed Rule 26 disclosures on February 7, 2025, and there would be no duplicative efforts expended by Defendants as the standard course of federal litigation would have continued. There would have been no duplication of depositions, discovery demands or production.

In dismissing the case, the district court cited *Teelucksingh v. Bishop Ford*

*Cent. Catholic High Sch.*, No. 12-CV-3214, 2014 WL 4699699 (E.D.N.Y. Sept. 22, 2014), for the proposition that "having to re-start fact discovery after the period for it has long ended is quite unreasonable, and 'presumptively prejudices the defendants.'" (JA 269). Yet, as demonstrated above, this finding turns on a faulty premise: granting Plaintiff an additional 60 days to complete fact discovery would not require the parties to "re-start fact discovery." Rather, the time extension would allow the parties to complete fact discovery within a limited time-frame. Moreover, the plaintiff in *Teelucksingh* engaged in discovery obstructions that far outweighed any of Plaintiff's omissions in this case. *See* 2014 WL 4699699, at *5-6. While prejudice may have been presumed in *Teelucksingh* – as the plaintiff in that case ignored discovery requests, did not make adequate production of certain records, delayed signing a confidentiality agreement for weeks, continued thereafter to withhold certain documents, served improper discovery demands, and obstructed the deposition process – no such prejudice may be presumed in this case, where Plaintiff's delays were comparatively minimal. The "prejudice" factor favors Plaintiff's position.

**D. The district court did not adequately assess lesser sanctions.**

The fourth factor also counsels against dismissal. "We have previously noted that consideration of lesser sanctions is one of the factors that should inform

a trial court's determination to dismiss under Rule 41(b)." *Colon*, 56 F.3d at 7. Given the severity of the district court's penalty in dismissing Plaintiff's case outright, the district court did not adequately consider lesser sanctions, such as a fine, reprimand, or limited time to complete discovery. *See Baptiste*, 768 F.3d at 219 ("the district court has substantial power to ensure that the case proceeds swiftly through discovery to disposition, and to prevent any prejudice to defendants from plaintiff's past delays. This is not an 'extreme situation [ ]' that can only be remedied with the 'the harshest of sanctions'"); *Lucas*, 84 F.3d at 536 (in reversing Rule 41(b) dismissal, stating, "there is no indication that Judge Elfvin considered lesser sanctions as an alternative to the dismissal of the supplemental complaint"); *Martens*, 273 F.3d at 182 ("At most, the district court alluded to the possibility of lesser sanctions: 'In light of Martens'[s] and Mione's history of behavior in this action, this court now determines that no lesser sanction than dismissal would be appropriate or effective.' The court did not expressly consider, however, whether any remedy short of dismissal would have been effective. This Court has reversed under similar circumstances where the district court did not meaningfully consider alternative sanctions").

On this point, the district court quoted the following language: "[a]ny lesser sanction than dismissal with prejudice would require defendants to begin again, and

expend, once again, the significant effort and resources to defend this case anew." (JA 270). In reaching this cursory finding, the court did not consider how this language applies to this case. It does not. Denying Defendants' motion to dismiss under Rule 41(b) would not have required them to start anew at great expense. Rather, allowing this case to proceed would have allowed the parties to proceed where they had left off: Plaintiff would have responded to Defendants' discovery demands within seven days, and she had already filed her extensive Rule 26 disclosures. (JA 69, 130-36). *Compare World Wide Polymers*, 694 F.3d at 160 ("the district court failed to provide any analysis as to why the first sanction meted out was one of the most severe sanctions possible, and the record before us presents no plausible explanation").

**E. The district court did not properly balance its calendar against Plaintiff's opportunity to proceed on the merits.**

Turning to the fifth factor, the district court's order dismissing the case does not suggest that it balanced its calendar against Plaintiff's opportunity for her day in court. "There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas*, 84 F.3d at 535-36; *see also Baptiste*, 768 F.3d at 218-19 (in reversing Rule 41(b) dismissal, "the court did not indicate, nor do we have to reason to believe, that Baptiste's case strained its docket in any

unusual way. Although the case stalled for two years, 'plaintiff's failure to prosecute in this case was silent and unobtrusive rather than vexatious and burdensome: plaintiff simply did not make submissions required by the court; he did not swamp the court with irrelevant or obstructionist filings.' As we have explained, '[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court'").

As demonstrated above, Plaintiff was ready to proceed commence fact discovery when counsel sought an additional 60 days for that purpose. Counsel explained the reason discovery had not proceeded as scheduled: "Due to trial preparation and trial on three separate cases and the undersigned being on a religious conference for much of this week." (JA 69). This were common, good-faith justifications for additional time to complete discovery. It is not as if Plaintiff had sought repeated extensions or flouted multiple court orders, and the district court's finding on this point is cursory: "judicial economy would not be served by re-starting this case in light of Plaintiff's repeated failures, without adequate explanation, to comply with basic deadlines." (JA 270). *Compare Crispin v. Roach*, 2025 WL 1364089, at *1 (2d Cir. May 12, 2025) (summary order) (affirming dismissal where, *inter alia*, "before dismissing the case, the

District Court repeatedly attempted to accommodate Crispin and reschedule conferences while facing an indefinite inability to move the case forward").

**F. The district court did not consider whether Plaintiff's delay was willful or in bad faith.**

"[E]ven when a court issues a notice of a possible dismissal and a plaintiff fails to comply with the court's directive, the court must still make a finding of 'willfulness, bad faith, or reasonably serious fault' by evaluating those criteria. Given the court's silence, we can only assume that the district court overlooked that requirement, and we therefore cannot say that its decision to dismiss was a reasonable one." *Baptiste*, 768 F.3d at 217.

The record does not demonstrate any willful or bad faith failure to meet the fact discovery deadline. As noted above, in support of his request, Plaintiff's counsel noted his trial schedule and other commitments that made it impossible to comply with the four-month deadline. (JA 69). Plaintiff had already opposed the motion to dismiss, and she had produced her Rule 26 disclosures one week after she sought the discovery extension. (JA 130-36). In dismissing the case, however, the district court did not determine whether Plaintiff's delay in meeting the discovery deadline was willful or in bad faith. While the district court noted that Plaintiff did not oppose the summary judgment motion in time (JA 268), Plaintiff's compliance with the summary judgment deadline has no bearing on whether she

failed to meet her discovery obligations in good faith.

A party's simple failure to respond to a discovery request will ordinarily not be deemed willful. *Perry v. City of New York,* No. 13-CV-1015 (VSB), 2016 WL 11807718, at *3 (S.D.N.Y. Mar. 7, 2016) (citing *Ruiz v. Citibank, N.A.*, No. 10-CV-5950, 2014 WL 4635575, at *3 (S.D.N.Y. Aug. 19, 2014); *Saleem v. Corp. Transp. Grp.*, No. 12-CV-8450, 2013 WL 6331874, at *4 (S.D.N.Y. Dec. 5, 2013) (declining in the absence of prior judicial warning to dismiss claims of opt-in FLSA sample plaintiffs who failed to respond to discovery requests); *Ayers v. SGS Control Servs.*, No. 03-CV-9077, 2007 WL 646326, at *13 (S.D.N.Y. Feb. 27, 2007) (same). Rather, "prolonged failure to respond after being specifically ordered by the court to do so and warned of the consequences of not responding can render dismissal appropriate." (*Id.*) (citing *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 303 (2d Cir. 2009) (dismissal with prejudice warranted where plaintiff defied all orders from court to submit to discovery, such orders included warning of the possibility of sanctions, including dismissal, and plaintiff continued such defiance even after lesser sanctions were imposed); *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) ("The record in this case reveals [plaintiff's] sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply with court orders . . . would result in the dismissal

of his action. We see no abuse of discretion in the court's imposition of that sanction in the circumstances of the present case")).

In this case, while Plaintiff sought her request to extend the deadline for fact discovery, she did provide discovery to Defendants. Certainly a late disclosure of discovery, made prior to the closure of all discovery, coupled with a request for an extension, meets the standard established in *Perry*, *supra*, which holds the failure to respond to discovery, by itself, is not ordinarily willful.

**G. This case does not compare with the egregious defaults that led to dismissals under Rule 41(b).**

Plaintiff's case does not compare with those where the litigants' failure to meet court-imposed deadlines was willful or represented "reasonably serious fault." *See Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.*, 271 F.3d 374, 386-87 (2d Cir. 2001) (citing *Bambu Sales, Inc. v. Ozak Trading Inc.,* 58 F.3d 849, 853-54 (2d Cir. 1995) (noting defendants' "deliberate obstruction" in failing to comply with court orders justified the "potent medicine" of the entry of judgment in plaintiff's favor); *Minotti v. Lensink,* 895 F.2d 100, 103 (2d Cir. 1990) (district court did not abuse discretion in dismissing action following plaintiff's failure to heed discovery orders on four separate occasions and the court's warning of the threat of dismissal)); *Long v. Lian*, 2024 WL 4212190, at *2 (2d Cir. Sept. 17,

2024) (summary order) ("although missing a deadline by four days is not a significant delay, Long's failure to comply with court orders began a month earlier in January 2023 and must be viewed in light of Long's failure to prosecute the case for significant stretches of time from the second half of 2021 through 2022. Second, the District Court could reasonably have concluded that lesser sanctions would not have been effective given Long's history of dilatory prosecution"). Relatedly, courts have ordered dismissal due to multiple notices of dismissal and in cases of discovery violations, multiple grants of extensions to provide discovery to which the plaintiffs did not comply. *See Murray v. Bouck,* No. 19-CV-00317-MKV, 2020 WL 6381935, at *2 (S.D.N.Y. Oct. 30, 2020) (plaintiff was unresponsive for over a year, notwithstanding multiple attempts to reach him and multiple warnings that his silence and inaction may result in dismissal); *see also Heendeniya v. St. Josephs Hosp. Health Ctr.,* 830 F. App'x 354, 357-58 (2d Cir. 2020) (district court reasonably concluded the plaintiff acted willfully, as required for dismissal of his medical malpractice complaint for failure to comply with discovery rules and orders and for failure to prosecute, since plaintiff had clear notice of deadline to respond to discovery demands, demonstrated his understanding of that deadline and ability to comply with it by

submitting his own demands to some defendant medical service providers, he offered no explanation for his noncompliance or show that circumstances outside his control were to blame, and he received numerous extensions from court, including additional time to respond to discovery demands and to oppose at-issue dismissal motions); *Coss v. Sullivan Cnty. Jail Adm'r,* 171 F.R.D. 68, 71-73 (S.D.N.Y. 1997) (plaintiffs' failure to prosecute extended over period of 3.5 years and continued even after motions to dismiss were filed, inmate failed to respond to any discovery demands and never filed responses to any earlier motions, inmate received ample notice that further delay in prosecution would result in dismissal, defendants would be prejudiced by any further delay in prosecution, balance between alleviating congestion of court calendar and protecting inmate's due process rights tipped decidedly in favor of dismissal, and no lesser sanctions beyond dismissal were suitable). None of these cases resemble the instant matter.

In dismissing this case, the district court cited *Stoute v. Rockefeller Found.,* No. 93 Civ. 2628 (SAS), 1995 WL 708690 (S.D.N.Y. Nov. 30, 1995), for the proposition that "courts in this District have granted summary judgment motions where plaintiffs have failed to participate in discovery and/or did not

timely oppose the motion." (JA 260). As there is no dispute that Plaintiff filed her opposition to Defendants' summary judgment motion, *Stout* is distinguishable. Failure to prosecute is not governed by Rule 56, but rather by Rule 41(b). "The 'primary rationale' for dismissal pursuant to Rule 41(b) is 'the failure of plaintiff in his duty to process his case diligently.'" *Bryant v. Silverman,* No. 15 CIV 8427 (PAC) (HBP), 2019 WL 4195439, at *2 (S.D.N.Y. Aug. 5, 2019), *report and recommendation adopted*, 2019 WL 4194495 (S.D.N.Y. Sept. 3, 2019). Further, as noted above, dismissal under Rule 41(b) must be preceded by certain procedural prerequisites, including notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard. (*Id.*) As demonstrated above, Plaintiff received no notice, orally or in writing, that dismissal was likely to occur if she failed to timely complete fact discovery. Further, Plaintiff, who made her first request for an extension fully intending to comply with fact discovery, never willfully deviated from any court order.

Moreover, while the district court stated, "courts in this District have granted summary judgment motions where plaintiffs have failed to participate in discovery and/or did not timely oppose the motion." (JA 268-69). But this misreads the

holding in *Stoute*, which deemed dismissal appropriate due to failure to prosecute, as the plaintiff refused to respond to most of the defendants' discovery requests and he failed to appear for deposition on three separate occasions. In addition, the plaintiff in *Stoute* never showed up to court conferences and did not oppose the defendants' motion for summary judgment. *Stoute*, 1995 WL 708690, at *2.

**Point II**

**Plaintiff submitted evidence demonstrating her case is meritorious**

"In reviewing all of the evidence to determine whether judgment as a matter of law is appropriate, 'the court must draw all reasonable inferences in favor of the nonmoving party,' 'even though contrary inferences might reasonably be drawn.'" *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010). "Summary judgment is inappropriate when the admissible materials in the record 'make it arguable' that the claim has merit, for the court in considering such a motion 'must disregard all evidence favorable to the moving party that the jury is not required to believe.'" (*Id.*)

On a summary judgment motion, "the court 'may not make credibility determinations or weigh the evidence . . . Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" (*Id.*) "Where an issue as to a material fact cannot

be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate." *Id.* at 546. "Summary judgment is proper only when, with all permissible inferences and credibility questions resolved in favor of the party against whom judgment is sought, there can be but one reasonable conclusion as to the verdict, *i.e.,* it is quite clear what the truth is." (*Id.*)

"Courts should be especially chary in handing out summary judgment in discrimination cases," as the employer's intent is often a central factual issue. *Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 87 (2d Cir. 1996); *see also Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 37 (2d Cir. 1994) ("In assessing the inferences that may be drawn from the circumstances surrounding a termination of employment, the court must be alert to the fact that [e]mployers are rarely so cooperative as to include a notation in the personnel file that their actions are motivated by factors expressly forbidden by law").

The context of Defendants' motion to dismiss the case for failure to prosecute was its simultaneous motion for summary judgment. Defendants argued that, without compliance with discovery deadlines, Plaintiff lacked admissible evidence to support her claims. However, Plaintiff's opposition to Defendants'

motion proved she has a meritorious case and the evidence submitted in support of her argument necessarily shows that she was ready to expeditiously complete discovery.

In resolving the motion to dismiss under Rule 12(b)(6), the district court held the Complaint plausibly asserts that, in light of her demotions with the law firm and being directed to serve as "second attorney" on certain cases, Defendants' denial of her opportunity to work on medical malpractice and nursing home cases, her exclusion from relevant meetings, and eliminating her case management duties, Plaintiff suffered disparate treatment in violation of 42 U.S.C. § 1981 and the New York State and City Human Rights Laws. 2024 WL 3498131, at *8-10 (S.D.N,Y. July 22, 2024). The court also held that, on these allegations, Plaintiff plausibly asserted a hostile work environment claim under the state and city HRL's. *Id*. at *11. Further, Plaintiff asserted a plausible retaliation claim under federal, state, and city law given her allegations that (1) she protested the exclusion and demotions of the employees of color, including herself, and (2) she was demoted shortly after she complained and was terminated within six months. *Id*. at *12-13. Plaintiff also pled an individual liability claim against two of the named defendants. *Id*. at *13.

In opposition to Defendants' summary judgment motion, premised solely on

the argument that Plaintiff had failed to prosecute the case, *see* ECF Doc. 49 (Defendants' memorandum of law in support of summary judgment motion), Plaintiff produced evidence demonstrating a factual issue remained for trial. That evidence dovetailed with the district court's ruling on the Rule 12(b)(6) motion that identified the plausible claims in Plaintiff's complaint. Plaintiff's effort in this regard demonstrated her ability to proceed with discovery to further bear out the arguments she advanced in opposition to the motion.

Plaintiff's factual arguments are summarized in her Rule 56.1 statement. (JA 141-151. Citing to the affidavits of Plaintiff a non-party witness, Keisha Sandy (a senior paralegal at the law firm) (JA 241-45, 251-59), Plaintiff argued that she was hired as a department head and also assigned to work with the personal injury team and assist with managing the paralegal staff. (JA 141 ¶ 4). But Plaintiff soon found her name omitted from the firm's organizational chart and, following her complaint about that omission, was (unlike her white colleagues) excluded from departmental meetings, contrary to the terms of her employment. (JA 143-44 ¶¶ 10-13). Plaintiff was also demoted. (JA 144 ¶ 14). Although she was not hired to pursue active litigation, unlike white employees, Plaintiff was also assigned 100 cases without any paralegal or support staff. (JA 144-45 ¶¶ 16-17). The firm also minimized the

results of a DEI-related employee survey that included responses that the firm tolerated racial discrimination and sexual harassment. (JA 145-46 ¶¶ 18-24). Plaintiff came to realize she was hired under false pretenses and she was required to work with "people who were made part of the Firm who are related to and possibly connected to extremist and/or hate groups that have made their derogatory positions about persons of color public on the national level." (JA 146-47 ¶¶ 25-26). Plaintiff was ultimately fired in November 2023 in retaliation "for [her] support of the firm's need to address issues of Diversity Equity and Inclusion." (JA 147 ¶ 27). Sandy's allegations corroborated Plaintiff's case. (JA 148-151 ¶¶ 31-57).

This Court has held that "resolutions on summary judgment . . . are generally to be preferred to dismissals under Rule 41(b)." *LeSane,* 239 F.3d at 211. The above facts in support of Plaintiff's discrimination and retaliation claims, even without the benefit of full discovery, demonstrate this case has merit and that, on the summary judgment record submitted by Plaintiff, *see* JA 153-259, the district court was in a position to set an orderly discovery schedule in response to Plaintiff's first request for additional time to complete fact discovery.

## Conclusion

The district court abused its discretion in dismissing this case for failure to prosecute under Rule 41(b). This Court should vacate that order and remand this case for discovery.

Dated: February 21, 2026

Respectfully submitted,

*/s/ Stephen Bergstein*

Bergstein & Ullrich
5 Paradies Lane
New Paltz, New York 12561
(845) 469-1277

*Counsel for Plaintiff-Appellant*

## Certification

Stephen Bergstein, counsel for Plaintiff-Appellant, affirms that this brief complies with FRAP 32(a)(7) in that it utilizes non-proportional typeface with no more than 10.5 characters per inch. The font is Times New Roman 14-point. The brief contains 6,501 words.

*/s/ Stephen Bergstein*
Stephen Bergstein