# 25-2528

## United States Court of Appeals for the Second Circuit

Selma Moy,

*Plaintiff-Appellant,*

v.

Napoli Shkolnik, PLLC, Paul Napoli, Marie Napoli,

*Defendants-Appellees,*

Gloria Werle, Salvatore C. Badala,

*Defendants*.

On appeal from a Judgment of the United States District Court, Southern District of New York

BRIEF OF THE DEFENDANTS-APPELLEES

Holly G. Rogers
MELICK AND PORTER, LLP
900 Main Street South
Southbury, CT 06488
Tel. 203-596-0500
Fax. 203-721-8532
hrogers@melicklaw.com
*Counsel for Defendants-Appellees*

## RULE 26.1 DISCLOSURE STATEMENT

Napoli Shkolnik, PLLC, has no parent corporation, and there is no corporation that owns 10% or more of its stock because it is a non-stock corporation.

# TABLE OF CONTENTS

RULE 26.1 DISCLOSURE STATEMENT ........................................................ i

TABLE OF CONTENTS ........................................................................ ii

TABLE OF AUTHORITIES ..................................................................... v

COUNTERSTATEMENT OF THE ISSUES PRESENTED FOR REVIEW ......... 1

PRELIMINARY STATEMENT ................................................................ 1

STATEMENT OF THE CASE ................................................................. 4

SUMMARY OF THE ARGUMENT ........................................................ 6

ARGUMENT ........................................................................................ 10

I. It Is Undisputed that the District Court Properly Granted the Defendants' Motion for Summary Judgment under *Celotex Corp. v. Catrett* ........................................................................ 10

A. Standard of Review ........................................................ 10

B. The Plaintiff Has Waived Any Claim That the District Court Erred by Granting the Defendants' Motion for Summary Judgment by Failing to Assert or Brief Any Such Claim ............. 10

C. The Defendants Were Entitled to Summary Judgment Because of the Absolute Absence of Admissible Evidence to Support Plaintiff's Case ........................................................ 13

1. The Defendants Fully Satisfied Their Burden Under *Celotex* by Demonstrating at Total Absence of Evidence....................13

2. The Plaintiff Fails to Dispute That Her Belated Discovery Production Was Inadmissible ..............................................14

3. The Plaintiff Fails to Challenge the District Court's Denial of Her Untimely Request to Extend the Deadline for Fact Discovery ..........................................................................15

D. The Standards for Dismissal for Failure to Prosecute Do Not Govern the Merits-Based Ruling Made by the District Court .......17

II. In the Alternative, the District Court Would Not Have Abused Its Discretion by Dismissing This Case for Failure to Prosecute.................19

A. Standard of Review .......................................................................19

B. The District Court Properly Concluded That the Balance of Factors Weighed in Favor of Dismissal for Failure to Prosecute ..........................................................................................20

1. Duration of the Delay: Plaintiff Engaged in a Complete, Multi-Month Failure to Participate in Fact Discovery...........20

2. Notice: The Explicit Scheduling Order and Local Rules Provided Sufficient Notice, and the Absence of an Express Warning Does Not Preclude Dismissal.................................22

3. Prejudice: The District Court Appropriately Recognized That Forcing Defendants to Re-Litigate Based Upon Untimely Disclosures Constitutes Prejudice ..........................23

4. Congestion and Due Process: The District Court Properly Balanced Court Management Concerns with Plaintiff's Absolute Failure to Participate in Fact Discovery ................25

5. Efficacy of Lesser Sanctions: No Alternative Remedy Could Cure a Total and Incurable Absence of Trial Evidence .........26

6. Culpability: Plaintiff's Consistent Disregard of Court-Ordered Deadlines Constitutes Reasonably Serious Fault as a Matter of Law ......................................................................27

CONCLUSION AND RELIEF REQUESTED ......................................................29

CERTIFICATE OF COMPLIANCE ......................................................................30

# TABLE OF AUTHORITIES

## CASES

*Baptiste v. Sommers*, 768 F.3d 212 (2d Cir. 2014)....................17

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).................... 1-3, 5-6, 8-13, 15, 17-19

*Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357 (2d Cir. 1991)....................22

*Drake v. Norden Sys., Inc.*, 375 F.3d 248 (2d Cir. 2004)....................19

*Graves v. Finch Pruyn & Co.*, 457 F.3d 181 (2d Cir. 2006)....................11

*JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418 (2d Cir. 2008)....................11

*Kaytor v. Elec. Boat Corp.*, 609 F.3d 537 (2d Cir. 2010)....................14

*Lopez v. Pichardo 2230 Restaurant Corp.*, 34 Fed.Appx. 16 (2d Cir. 2018) ....................24

*Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37 (2d Cir. 1982) ....................5, 20, 24, 26

*Mitchell v. Lyons Profess. Serv.*, 708 F.3d 463 (2d Cir. 2013) ....................17, 27

*Norton v. Sam's Club*, 145 F.3d 114 (2d Cir.1998)....................11

*Peters-Turnbull v. Board of Educ. of City of New York*, 7 Fed. Appx. 107 (2d. Cir. 2001)....................24, 26

*Shannon v. General Elec. Co.*, 186 F.3d 186 (2d Cir. 1999)....................20, 24

*Simsbury-Avon Preservation Club, Inc. v. Metacon Gun Club, Inc.*, 575 F.3d 199 (2d Cir. 2009)....................13

*Smalls v. Port Authority of New York and New Jersey*, 120 Fed.Appx. 396 (2d Cir. 2005)....................24

*Stoute v. Rockefeller Found.*, No. 93 Civ. 2628 (SAS), 1995 WL 708690 (S.D.N.Y. Nov. 30, 1995)....................28

*Teelucksingh v. Bishop Ford Cent. Cath. High Sch.*, No. 12 Civ. 3214, 2014 WL 4699699 (E.D.N.Y. Sept. 22, 2014)....................24

*United States v. Donziger*, 38 F.4th 290 (2d Cir. 2022)....................11

*Virgin Atlantic Airways Ltd. v. British Airways PLC*, 257 F.3d 256 (2d Cir. 2001)....................10

*Yueqing Zhang v. Gonzales*, 426 F.3d 540 (2d Cir. 2005)....................11

## COURT RULES

Fed. R. App. P. 32(a)(7)....................30

Fed. R. Civ. P. 16(b)(4)....................16

Fed. R. Civ. P. 26(a)(1)....................4, 5

Fed. R. Civ. P. 41(b)....................1-3. 6. 7. 11. 12. 16, 18, 19, 22

Fed. R. Civ. P. 56....................1-7, 10, 12, 18

Individual Practice Rule 2(e)(v)....................4, 16, 23, 25, 28

Local Civil Rule 56.1....................5

## COUNTERSTATEMENT OF THE ISSUES PRESENTED FOR REVIEW

I. Whether the District Court Properly Granted the Defendants' Motion for Summary Judgment Under Federal Rule of Civil Procedure 56 and *Celotex Corp. v. Catrett* Where the Plaintiff Failed to Produce any Admissible Evidence to Support any of Her Claims.

II. In the Alternative, Assuming *Arguendo* that the Standard for Dismissal Under Federal Rule of Civil Procedure 41(b) Applies, Whether the District Court Would Have Abused Its Discretion by Dismissing This Case for Failure to Prosecute.

## PRELIMINARY STATEMENT

This appeal is based entirely on the Plaintiff's deliberate and transparent mischaracterization of the basis for the District Court's entry of judgment in favor of the Defendants. Because the Plaintiff is unable to refute the District Court's determination that her claims were extinguished at the close of discovery by a complete lack of admissible evidence to support them, she seeks to fundamentally alter the nature of the judgment appealed from. The Plaintiff incorrectly asserts that the District Court "abused its discretion in dismissing this case for failure to prosecute." *Pl.'s Br.* at 7 ("Point I"). She requests that this Court review a non-existent, sanction-based dismissal under Federal Rule of Civil Procedure 41(b) for failure to prosecute, deliberately evading the actual, merits-based summary

judgment determination entered against her under Rule 56. In fact, the District Court granted the Defendants' Motion for Summary Judgment under *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), because the Plaintiff's complete and absolute failure to participate in discovery had resulted in a complete and absolute lack of admissible evidence in support of her claims. The Court did not dismiss the case under Rule 41(b).

The Plaintiff does not even address, much less brief, any claim that the District Court erred by granting the Defendants' Motion for Summary Judgment. Nor does she deny that the Defendants were, in fact, entitled to summary judgment under *Celotex*. She has therefore waived any claim of error that could otherwise have supported reversal of the District Court's judgment. Because her Brief contains absolutely no mention whatsoever of any substantive challenge to the District Court's *Celotex* analysis, Rule 56, or her lack of *admissible* evidence, Plaintiff has committed procedural forfeiture. An appellant's deliberate choice to leave an independent, dispositive basis of a District Court's ruling unchallenged constitutes waiver and demands immediate affirmance.

Furthermore, even if this Court tolerates Plaintiff's analytical diversion and reviews this matter through the lens of Rule 41(b), the record reveals an unmitigated history of systemic neglect, disregard of deadlines, and objective prejudice that comfortably satisfies every element of the failure-to-prosecute inquiry. Thus, if the

District Court had dismissed this case for failure to prosecute (which it did not), it would not have abused its discretion by doing so. More importantly, even if the District Court had dismissed this case for failure to prosecute, and even if the District Court had erred in so ruling, *the Defendants would still be entitled to summary judgment under Celotex.*

The Plaintiff's inability to dispute that the Defendants were entitled to summary judgment does not entitle her to seek reversal of the District Court's judgment under an abuse of discretion standard by mischaracterizing the District Court's granting of a motion for summary judgment as a dismissal for failure to prosecute. Nor does the District Court's discussion of the factors for dismissal for failure to prosecute at the end of its discussion of the merits of the Defendants' Motion for Summary Judgment transform a straightforward ruling granting summary judgment under Rule 56 into a dismissal under Rule 41(b). Plaintiff cannot weaponize her own discovery misconduct to escape the standard of review governing an empty record. This Court should enforce the waiver, reject the structural evasion of Plaintiff's Brief, and affirm the grant of summary judgment.

For these reasons, and the reasons set forth below, the Defendants submit that the judgment should be affirmed.

## STATEMENT OF THE CASE

The Plaintiff brought this action seeking damages for, *inter alia*, alleged employment discrimination based on her race, color, and national origin, retaliation for engaging in protected activity, and the creation of a hostile work environment. *See Amend. Compl.* at 1 ¶ 1 (JA010). Certain of the Counts of the Plaintiff's original Complaint were dismissed for reasons not relevant to the issues on appeal. *See Opinion and Order* (July 22, 2024) (Doc. 32).

Under the District Court's Civil Case Management Plan and Scheduling Order ("Scheduling Order") (Doc. 38), initial disclosures pursuant to Rule 26(a)(1) were to be completed no later than September 30, 2024, and all fact discovery was to be completed by January 31, 2025. *Scheduling Order* at 2 (JA047).

"[T]he district court's Individual Practice Rule 2(e)(v) states that it is unlikely that a request to extend discovery deadlines will be granted, and that the court will not grant an extension unless the party requests it at least two business days prior to the deadline . . . ." *See Pl.'s Br.* at 11. Nonetheless, on the last day of the fact discovery period, January 31, 2025, the Plaintiff filed a letter request ("Letter Request") to the District Court asking for an additional sixty days to complete fact discovery. *Letter Request* (Doc. 43)(JA069). The District Court denied the Letter Request as untimely. (Doc. 46.)

The Defendants-Appellees (hereinafter "Defendants") moved for summary judgment under Rule 56 and *Celotex*. In their Statement of Material Facts Pursuant to Local Civil Rule 56.1 ("Rule 56.1 Statement"), the Defendants set forth the following facts:

> During the more than five months allotted for fact discovery, despite her obligation to supply initial disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure, and her obligation to respond to discovery requests served on December 6, 2024, Plaintiff never provide[d] any information as to what she would testify to if called to testify at trial; did not identify any witnesses in support of her claims; did not identify any documents in support of her claims; and did not specify any damages that she claimed to have incurred. . . .
>
> Thus, with fact discovery closed, Plaintiff is left with literally no admissible evidence to support her claims.

*Rule 56.1 Statement* at 2-3 ¶¶ 6, 8 (JA075-JA076).

As the District Court noted in its Order granting the Defendants' Motion for Summary Judgment:

> In her opposition, Plaintiff refers to declarations, emails, and documents that she says constitute evidence in support of her claims. . . . But none of these materials were disclosed during the fact discovery period. Nor, for that matter, were the identities "of 17 potential witnesses, noninclusive of the original parties in this matter," whom Plaintiff now identifies. . . . This unexplainedly belated proffer comes far too late to cure Plaintiff's failure to prosecute her case during the fact discovery period.
>
> While fact discovery was open, she failed to meet even her minimum obligation of submitting initial disclosures, and failed to respond to Defendants' discovery requests. She offers no reason why she failed to do so, nor any reason why she did not seek an extension of the fact discovery period in a timely manner. Indeed, she did not even file an opposition to the summary judgment motion on time, did not offer good cause for her

> failure to do so, and never even requested an extension of time to file her opposition.

*Memorandum Opinion and Order* ("*Order*") at 5 (JA268) (citations omitted).

As the District Court held, "because Plaintiff did not participate in the discovery process in any way while fact discovery was open in this case, there is no evidence in the discovery record supporting any element of her claims." *Id.* at 4 (JA267). Accordingly, the District Court granted the Defendant's Motion for Summary Judgment. *Id.* at 7 (JA270).

This appeal followed.

## SUMMARY OF THE ARGUMENT

The District Court properly granted summary judgment in favor of the Defendants under *Celotex*, because the Defendants easily demonstrated that there was no admissible evidence to support the Plaintiff's claims. *See Order* at 5 (JA268) ("Because 'there is an absence of evidence to support the nonmoving party's case,' summary judgment is appropriate. *Celotex*, 477 U.S. at 325."). The Plaintiff does not dispute this. Indeed, the Plaintiff completely fails to assert in her brief that the District Court erred by granting the Defendants' Motion for Summary Judgment. By only addressing the standard for administrative dismissal under Rule 41(b), Plaintiff leaves the District Court's concrete, independent Rule 56 merits adjudication completely unaddressed and unrefuted. The Plaintiff has therefore completely

waived any claim that the District Court's Order granting summary judgment was error, and the judgment of the District Court must therefore be affirmed.

Instead, the Plaintiff asserts that "[t]he district court abused its discretion in dismissing this case for failure to prosecute," arguing that she engaged in no willful or egregious misconduct that would warrant the sanction of dismissal. *Pl.'s Br.* at 7-25; *see also Pl.'s Br.* at 1 ("Jurisdiction") (asserting that "the district court dismissed the Complaint under Fed. R. Civ. P. 41(b) . . . ."). This is patently incorrect. The District Court did not dismiss the Plaintiff's remaining claims, whether as a sanction for failure to prosecute or otherwise. The Court granted the Defendants' Motion for Summary Judgment. The Plaintiff's attempt to transmute this appeal to a review of a Rule 41 dismissal ruling that the District Court did not make is a transparent attempt to avoid the fact that she has no conceivable basis for asserting that that Court's actual ruling granting the Defendants summary judgment was erroneous. This Court should reject the Plaintiff's improper efforts to recast this entry of summary judgment under Rule 56 as a dismissal under Rule 41(b).[1]

---

[1] The Plaintiff suggests that the Defendants filed a motion to dismiss, asserting that "[t]he context of Defendants' motion to dismiss the case for failure to prosecute was its simultaneous motion for summary judgment." *Pl.'s Br.* at 26. Even if this were true, it would be irrelevant to whether the Defendants were entitled to summary judgment. In reality, the Defendants filed no motion to dismiss, and never discussed the standards governing dismissal under Rule 41(b) in any brief or motion in the District Court.

The District Court ruled that the evidence upon which the Plaintiff sought to rely was inadmissible because the Plaintiff failed to provide, or even identify, any of it during the period allotted for fact discovery. *See Order* at 4-5 (JA267-JA268). Specifically, the Plaintiff failed to file initial disclosures or respond to the Defendants' discovery requests during that period. *Id.* at 4 (JA267). On the last day of the fact discovery period, the Plaintiff had filed an untimely request, by letter, for an extension of that period. Doc. 43. The District Court denied that Letter Request, because "(1) Plaintiff had not shown diligence in the taking of discovery, and (2) the request was untimely filed without any explanation . . . ." *Order* at 2-3 (JA265-266); *see also* Doc. 46. The Plaintiff does not seek review of that ruling.

Although the Plaintiff asserts that "Plaintiff submitted evidence demonstrating her case is meritorious"; *Pl.'s Br.* at 25-29; she fatally does not and cannot assert that her case was supported by *admissible* evidence. In addition, although the Plaintiff notes that such evidence might have been admissible if her Letter Request to extend the deadline for fact discovery had been granted, she does not assert that the District Court's failure to grant that request constituted reversible error.

The Plaintiff's complete failure to participate in fact discovery and consistent delay and failure to meet court deadlines was relevant to the Defendants' Motion for Summary Judgment under *Celotex*, because it resulted in the complete absence of any admissible evidence in support of the Plaintiff's claims. Thus, the Plaintiff's

actual failure to prosecute her case supported the Court's granting of summary judgment in favor of the Defendants, and it is in that context that the Court discussed the failure to prosecute factors at the end of its discussion of the merits of the Defendants' Motion for Summary Judgment. While the failure to prosecute factors reinforced the District Court's decision, they are not determinative of the Defendants' entitlement to summary judgment under *Celotex*, and the Court's discussion of those factors does not convert its granting of summary judgment to a dismissal for failure to prosecute as the Plaintiff attempts to do in this appeal.[2]

In the alternative, the District Court's statement, in its Order granting the Defendants' Motion for Summary Judgment, that "the balance of factors weighs in favor of dismissal for failure to prosecute" was entirely warranted in light of the Plaintiff's chronic pattern of delay, failure to adhere to Court deadlines, and failure to participate in fact discovery, and such dismissal would not have constituted an abuse of discretion.

[2] For the same reasons, the Plaintiff's criticism that the District Court's review of the factors that would have governed the sanction of dismissal for failure to prosecute was "cursory"; *see Pl.'s Br.* at 17, 18; and her assertions that the District Court "did not adequately consider lesser sanctions" or "consider whether Plaintiff's delay was willful or in bad faith"; *see id.* at 16, 19; are not well-taken. The District Court's comments on those factors were dicta because the District Court did not dismiss the case for failure to prosecute.

For all of these reasons, the Defendants respectfully request that the District Court's Order granting summary judgment on the Plaintiff's remaining claims be affirmed.

## ARGUMENT

### I. It Is Undisputed that the District Court Properly Granted the Defendants' Motion for Summary Judgment under *Celotex Corp. v. Catrett*

#### A. Standard of Review

"A grant of summary judgment is reviewed *de novo*." *E.g.*, *Virgin Atlantic Airways Ltd. v. British Airways PLC*, 257 F.3d 256, 262 (2d Cir. 2001) (citation omitted).

#### B. The Plaintiff Has Waived Any Claim That the District Court Erred by Granting the Defendants' Motion for Summary Judgment by Failing to Assert or Brief Any Such Claim[3]

By deliberately omitting any substantive challenge to the District Court's primary, independent ground for entering judgment—the total absence of admissible evidence under Rule 56—the Plaintiff has entirely forfeited her right to appellate review. It is axiomatic that this Court should not entertain review of manufactured arguments in a transparent attempt by the Plaintiff to circumvent an un-winnable

[3] Similarly, the Plaintiff has waived any claim that the District Court abused its discretion in denying her untimely request to extend the deadline to complete fact discovery. As set forth below in Part I.C(3), she has failed to assert or brief any claim of error as to that ruling either.

record. Because the Plaintiff has chosen to appeal an imaginary Rule 41(b) dismissal while completely boycotting the actual, merits-based summary judgment entered against her, the judgment must be affirmed as a threshold matter based on waiver alone.

The law is clear that arguments not made in an appellant's brief are waived. *See e.g.*, *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2008) (citation omitted). The Plaintiff's waiver of any claim that the District Court erred by granting the Defendants' Motion for Summary Judgment is complete and absolute – she completely fails to address or even mention in her brief any possible claim of error regarding that ruling even in passing. *See United States v. Donziger*, 38 F.4th 290, 306 n.17 (2d Cir. 2022); *Norton v. Sam's Club*, 145 F.3d 114, 118 (2d Cir.1998); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005). Incredibly, the Plaintiff's Brief does not even mention *Celotex*. Where an argument is waived, this Court "will not consider it." *E.g.*, *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 (2d Cir. 2006).

Nor does the Plaintiff address or dispute that the Defendants were, in fact, entitled to summary judgment under *Celotex* as the District Court held because "there [was] literally no admissible evidence that Plaintiff could rely on" to prove her claims. *See Order* at 5 (JA268); *see also id.* ("Because 'there is an absence of

evidence to support the nonmoving party's case,' summary judgment is appropriate. *Celotex*, 477 U.S. at 325.").

Even if the Court were to stretch the bounds of appellate interpretation and construe the Plaintiff's brief as asserting some implied claim of error regarding the Court's ruling based on Rule 56 (which is denied), that claim remains waived for a total failure of adequate briefing. Again, Plaintiff's Brief does not even mention *Celotex*. Similarly, the only reference to Rule 56 in the Plaintiff's Brief is the statement that "[f]ailure to prosecute is not governed by Rule 56, but rather by Rule 41(b)." *Pl.'s Br.* at 24. That reference, of course, was made in the context of the Plaintiff's false assertion that the District Court dismissed her remaining claims under Rule 41(b) rather than granting the Defendants' Motion for Summary Judgment. *See id.* at 23-24.

The only issue that the Plaintiff does brief – i.e., whether her case satisfied the five-factor balancing test for dismissal under Rule 41(b) – is completely off-base. Even if this case did not meet the standard for dismissal for failure to prosecute (which is denied), there would still be no admissible evidence in support of the Plaintiff's claims, and the Defendants would still be entitled to summary judgment under *Celotex*.

Because the Plaintiff completely fails to challenge or refute the District Court's entry of summary judgment in favor of the Defendants, she has completely

waived the claim that the Court erred, and the District Court's granting of summary judgment must be affirmed.

### C. The Defendants Were Entitled to Summary Judgment Because of the Absolute Absence of Admissible Evidence to Support Plaintiff's Case

#### 1. The Defendants Fully Satisfied Their Burden Under *Celotex* by Demonstrating at Total Absence of Evidence

Even if the Court were to review the District Court's Order granting summary judgment, that Order must be affirmed. While a party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine dispute of material fact, the U.S. Supreme Court has made it clear that "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. As this Court has noted, in order to render summary judgment improper, pertinent evidence supporting the nonmoving party's case must be admissible:

> When the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim. . . . In that event, the nonmoving party must come forward with *admissible evidence* sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment. . . .

*Simsbury-Avon Preservation Club, Inc. v. Metacon Gun Club, Inc.*, 575 F.3d 199, 204 (2d Cir. 2009) (citing, *inter alia*, *Celotex*, 477 U.S. 317) (emphasis added).

The Plaintiff acknowledges that only admissible evidence may overcome summary judgment. *See Pl.'s Br.* at 25 ("Summary judgment is inappropriate when the admissible materials in the record 'make it arguable' that the claim has merit, for the court in considering such a motion 'must disregard all evidence favorable to the moving party that the jury is not required to believe.'" (quoting *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010)).

In the present case, Plaintiff refused to participate in the court-ordered pretrial discovery process during the entire five-month period and failed to produce any admissible evidence to support her claims. Confronted with this empty record, the District Court correctly concluded "there is literally no admissible evidence that Plaintiff could rely on" to prove her claims. *Order* at 5 (JA268). The District Court therefore properly held that the Defendants were entitled to summary judgment as to all of the Plaintiff's remaining claims.

### 2. The Plaintiff Fails to Dispute That Her Belated Discovery Production Was Inadmissible

The District Court correctly recognized the futility of allowing this action to proceed, noting that "[t]here would be little point in holding a trial now, as there is literally no admissible evidence that Plaintiff could rely on." *Id.* In an effort to bypass this reality, the Plaintiff asserts that her summary judgment opposition "submitted evidence demonstrating [that] her case is meritorious." *Pl.'s Br.* at 25. Crucially, however, the Plaintiff does not and cannot dispute the District Court's

primary legal conclusion that none of the evidence she attempted to rely on was admissible. *See id.* at 25-29. Rather than refuting the absolute failure of proof in the timely record, the Plaintiff merely asserts that she had "demonstrated her ability to proceed with discovery to further bear out the arguments she advanced in opposition to the motion [for summary judgment]." *Pl.'s Br.* at 28. Of course, this argument ignores the fact that discovery is not an ongoing, open-ended privilege that a party may invoke at her leisure to defeat a summary judgment motion; it is an orderly process governed by court-ordered deadlines.

Because fact discovery was fully closed and the District Court properly denied the Plaintiff's untimely, eleventh-hour request for an extension, the Plaintiff's post-deadline disclosures were a legal nullity. The Plaintiff's purported ability to proceed with late discovery cannot retroactively breathe life into a barren record, nor can it satisfy her shifted burden under *Celotex*. Because the Plaintiff failed to come forward with a single item of timely-disclosed, admissible evidence to support the essential elements of her claims, the District Court's entry of summary judgment was procedurally mandated and must be affirmed.

#### 3. The Plaintiff Fails to Challenge the District Court's Denial of Her Untimely Request to Extend the Deadline for Fact Discovery

In a further effort to deflect from the barren record, the Plaintiff notes that "the district court was in a position to set an orderly discovery schedule in response to

Plaintiff's first request for additional time to complete fact discovery." *Pl.'s Br.* at 29. In other words, the Plaintiff asserts that the District Court would have had the discretion to grant her request to extend the deadline for fact discovery. The Plaintiff does not, however, assert that the District Court erred by denying that request, because she cannot demonstrate that she was entitled to that extension or that the District Court abused its discretion by denying it.

To the contrary, a district court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Equally important, as the Plaintiff acknowledges, "the district court's Individual Practice Rule 2(e)(v) states that it is unlikely that a request to extend discovery deadlines will be granted, and that the court will not grant an extension unless the party requests it at least two business days prior to the deadline . . . ." *Pl.'s Br.* at 11. As set forth above, the Plaintiff's Letter Request was untimely under that Individual Practice Rule.

Rather than appealing the valid denial of her extension request under Rule 16, the Plaintiff instead argues that the District Court abused its discretion under Rule 41(b) because her late request for a 60-day extension purportedly would not have caused a "delay of significant duration." *Pl.'s Br.* at 7. This argument is a non-sequitur. The Plaintiff seeks review of a ruling the District Court did not make—an

administrative dismissal for failure to prosecute—solely to insert an inapposite standard of review and escape the consequences of her own non-compliance.

The District Court's denial of the Plaintiff's untimely request for an extension of the discovery deadline stands completely unchallenged and unbriefed in this appeal, and it is therefore insulated from review. Because fact discovery closed without the Plaintiff timely producing a single piece of evidence to support her claims, the complete absence of admissible evidence to support the Plaintiff's claims mandated the entry of summary judgment under *Celotex*.

### D. The Standards for Dismissal for Failure to Prosecute Do Not Govern the Merits-Based Ruling Made by the District Court

The Plaintiff attempts to manufacture a claim of error by injecting legal standards regarding dismissal for failure to prosecute that do not govern the District Court's granting of summary judgment. Specifically, the Plaintiff notes that because the administrative sanction of dismissal with prejudice "has harsh consequences for clients, who may be blameless," this Court has instructed that "it should be used only in extreme situations." Pl.'s Br. at 6 (quoting *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014)). The Plaintiff further relies on *Mitchell v. Lyons Professional Services*, 708 F.3d 463, 468 (2d Cir. 2013), for the proposition that a failure-to-prosecute dismissal is only warranted "upon a finding 'of willfulness, bad faith, or reasonably serious fault,'" concluding that her conduct "does not compare with the

egregious defaults that led to dismissals under Rule 41(b)" in other cases. *Pl.'s Br.* at 21.

While equity and culpability are considerations for dismissal under Rule 41(b), they have no bearing on a motion for summary judgment under Rule 56. Plaintiff's position that her complete refusal to timely file initial disclosures or respond to discovery did not warrant the severe sanction of dismissal—even if credited—is legally unavailing. It does not alter the objective reality of the closed record. Because the Plaintiff failed to introduce any timely-disclosed, admissible evidence to support her claims, the Defendants were entitled to summary judgment under *Celotex*. The Plaintiff cannot escape the legal consequences of producing not a single item of evidence to support her claims by claiming that her failure to do so was not sufficiently "willful" or "egregious" to merit application of Rule 41(b). Furthermore, the Plaintiff's suggestion that the District Court was obligated to save her from this empty record by granting her a post-deadline extension is a misstatement of federal discovery practice. A district court is under no obligation to accommodate a non-compliant litigant. Because the fact discovery window had properly closed without the Plaintiff producing any evidence to support her claims, the District Court's grant of summary judgment was legally correct and must be affirmed.

## II. In the Alternative, the District Court Would Not Have Abused Its Discretion by Dismissing This Case for Failure to Prosecute

The Defendants maintain that this Court need not engage in the failure-to-prosecute analysis under Rule 41(b). The District Court's discussion of the procedural history and the failure-to-prosecute factors served exclusively to provide context for, and to reinforce, its summary judgment ruling. That supplementary analysis highlighted how the Plaintiff's own pattern of delay, persistent disregard of court-ordered deadlines, and complete failure to participate in fact discovery resulted in the barren record that mandated summary judgment. The Plaintiff's exclusive focus on Rule 41(b) in this appeal is a deliberate deflection, deployed because she recognizes that she cannot defeat the District Court's legally sound merits determination under *Celotex*. However, if this Court is going to indulge Plaintiff's transparent deflection and review this matter under the Rule 41(b) framework, the District Court's analysis of those factors was entirely correct, and its decision should still be affirmed.

### A. Standard of Review

This Court "review[s] a dismissal for failure to prosecute under the abuse of discretion standard." *Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citation omitted).

> In particular, [this Court reviews] the trial court's decision by examining whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in

> dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. . . . No one factor is dispositive, and ultimately [this Court] must review the dismissal in light of the record as a whole.

*Id.* (citations omitted).

### B. The District Court Properly Concluded That the Balance of Factors Weighed in Favor of Dismissal for Failure to Prosecute

#### 1. Duration of the Delay: Plaintiff Engaged in a Complete, Multi-Month Failure to Participate in Fact Discovery

In evaluating the first factor, the District Court noted, first, that "there has been significant delay; the entire five-month fact discovery period elapsed with zero progress. To allow the case to proceed on the basis of Plaintiff's belated proffers would require re-opening discovery and starting all over again from the beginning." *Order* at 6 (JA269). These facts are undisputed and indisputable. Moreover, "[w]here, as here, '[i]naction and lethargy became the rule,'" this Court "ha[s] not hesitated to affirm a district court's dismissal for failure to prosecute." *Shannon v. General Elec. Co.*, 186 F.3d 186, 194 (2d Cir. 1999) (quoting *Lyell*, 682 F.2d at 39).

As this Court has held, "[f]ailure to prosecute . . . . can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics. . . . Such conduct may warrant dismissal after merely a matter of months . . . ." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982) (citations omitted). For five consecutive months, the Plaintiff failed to participate in

the litigation by failing to exchange mandatory initial disclosures, ignoring comprehensive discovery requests, and failing to generate a single shred of timely record evidence.

Nonetheless, the Plaintiff argues that her failure to participate in fact discovery during the period set by the District Court had not resulted in significant delay because "[i]n his letter seeking a deadline extension, Plaintiff's counsel stated that his office would respond to Defendants' discovery demands 'within the next week'" and that "only one week after she submitted the request for more time, Plaintiff served her initial disclosures upon Defendants, confirming she was prepared to proceed to discovery as her disclosures identified witnesses, documents, and her expert witness." *Pl.'s Br.* at 9; *see also id.* at 10 (asserting that the Plaintiff "was prepared to fulfill her discovery obligations had the district court granted her request").

The Plaintiff acknowledges, however, that she actually requested a sixty-day extension of the fact discovery deadline. *E.g.*, *id.* at 14. The requested extension would therefore *not* have delayed the matter by only a week. A two-month extension of fact discovery—sought only after the initial five-month period had completely expired without any evidence produced by the Plaintiff—is the literal definition of a significant delay. Moreover, as the District Court noted, the requested extension would have "require[d] re-opening discovery and starting all over again

from the beginning." *See Order* at 6 (JA269). Accordingly, the District Court correctly held that "[t]his factor clearly weighs in favor of dismissal." *Id.*

#### 2. Notice: The Explicit Scheduling Order and Local Rules Provided Sufficient Notice, and the Absence of an Express Warning Does Not Preclude Dismissal

In evaluating the second factor, the District Court observed that while Plaintiff knew discovery deadlines were firm, she "did not receive an explicit warning that dismissal of her case might result from failure to comply with the Case Management Plan and Scheduling Order." *Order* at 6 (JA269). Based solely on the absence of a formal, individualized warning, the District Court noted that this factor weighed against an administrative dismissal. *Id.* The Plaintiff attempts to leverage this observation into an absolute bar to dismissal, arguing that the absence of an express warning constitutes a *per se* abuse of discretion. *Pl.'s Br.* at 11–13. That argument misstates the law of this Circuit. This Court has long established that formal, individualized warnings are not a rigid condition precedent to dismissal under Rule 41(b). As the District Court correctly recognized, "[p]arties and counsel have no absolute entitlement to be 'warned' that they disobey court orders at their peril." *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1366 (2d Cir. 1991).

Here, Plaintiff was provided clear, constructive notice of her procedural obligations and the consequences of non-compliance. The Scheduling Order explicitly mandated that all fact discovery be completed by January 31, 2025.

*Scheduling Order* at 2 (JA047). Furthermore, as the Plaintiff explicitly concedes, the District Court's Individual Practice Rule 2(e)(v) prominently warns litigants that extensions of discovery deadlines are highly unlikely and strictly prohibits the court from granting any extension unless the request is submitted at least two business days prior to the deadline. *Pl.'s Br.* at 11.

The Plaintiff chose to ignore these combined, unequivocal directives. She remained entirely inactive for five months, failed to seek a timely modification, and waited until the literal final day of fact discovery to submit her extension request. *See* Pl.'s Br. at 8–9; *see also* Letter Request (Jan. 31, 2025) (JA069). While the District Court did not issue an explicit, formal warning prior to the close of discovery, the Individual Practice Rule and the Scheduling Order left no doubt that discovery deadlines were mandatory and that untimely requests would be rejected. Accordingly, even if the notice factor does not heavily favor dismissal, it does not weigh against it, and it cannot insulate Plaintiff from the consequences of her total procedural non-compliance.

#### 3. Prejudice: The District Court Appropriately Recognized That Forcing Defendants to Re-Litigate Based Upon Untimely Disclosures Constitutes Prejudice

In evaluating the third factor, the District Court correctly held that, "as to prejudice, having to re-start fact discovery after the period for it has long ended is quite unreasonable, and 'presumptively prejudices the defendants.'" *Order* at 6

(JA269) (quoting *Teelucksingh v. Bishop Ford Cent. Cath. High Sch.*, No. 12 Civ. 3214, 2014 WL 4699699, at *6 (E.D.N.Y. Sept. 22, 2014)). The Plaintiff challenges this finding by asserting that the Defendants failed to demonstrate any particularized prejudice, claiming her multi-month delay was entirely harmless. *Pl.'s Br.* at 13–15. This argument fails.

This Court has long established that "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *E.g.*, *Shannon*, 186 F.3d at 195 (quoting *Lyell*, 682 F.2d at 43); *see also Lopez v. Pichardo 2230 Restaurant Corp.*, 34 Fed.Appx. 16 (2d Cir. 2018); *Smalls v. Port Authority of New York and New Jersey*, 120 Fed.Appx. 396, 399 (2d Cir. 2005); *Peters-Turnbull*, 7 Fed. Appx. at 110. While the Plaintiff asserts that the surrounding circumstances in *Teelucksingh* were more egregious; *Pl.'s Br.* at 15; she does not deny that this principle remains good law.

However, beyond the operation of this legal presumption, the record documents severe prejudice. Defendants abided by the Court's Scheduling Order, prepared their defense based on the record created by the parties, and expended substantial financial resources to draft and file a dispositive Motion for Summary Judgment on a closed record. To strip Defendants of their validly acquired procedural posture and compel them to commence fact discovery anew—months after the operative deadlines had expired—is the definition of manifest prejudice. Witness memories fade, evidence becomes stale, and litigation costs grow

exponentially when a non-compliant party is permitted to unilaterally disrupt a case scheduling order. The Plaintiff cannot leverage her own total failure of diligence to inflict rolling, open-ended defense obligations and costs on the Defendants. This factor therefore weighs in favor of dismissal.

#### 4. Congestion and Due Process: The District Court Properly Balanced Court Management Concerns with Plaintiff's Absolute Failure to Participate in Fact Discovery

With regard to this factor, the District Court stated that "judicial economy would not be served by re-starting this case in light of Plaintiff's repeated failures, without adequate explanation, to comply with basic deadlines." *Order* at 7 (JA270).[4] This is indisputably true. In response, the Plaintiff asserts that "Plaintiff was ready to proceed [to] commence fact discovery when counsel sought an additional 60 days for that purpose." *Pl.'s Br.* at 18. The Plaintiff's willingness to *commence* fact discovery after the deadline for fact discovery has ended does not, however, justify her failure to participate in fact discovery within the schedule set by the District Court.

This Court has held that the authority to dismiss a case for failure to prosecute "is vital to the efficient administration of judicial affairs and provides meaningful

[4] The Plaintiff's assertion that she had not "flouted multiple court orders" and that she "never willfully deviated from any court order"; *see Pl.'s Br.* at 18, 24; is therefore incorrect. The Plaintiff repeatedly disregarded, *inter alia*, the Court's Scheduling Order and Individual Practice Rule 2(e)(v).

access for other prospective litigants to overcrowded courts." *E.g.*, *Peters-Turnbull*, 7 Fed. Appx. at 109 (quoting *Lyell*, 682 F.2d at 42).

Due process guarantees a litigant a fair *opportunity* to pursue her claims; it does not guarantee a perpetual safe harbor for a party who actively chooses to ignore the procedural mechanism provided. The District Court provided a reasonable, standard five-month discovery window. The Plaintiff simply refused to participate. She failed to exchange a single document or answer a single interrogatory during the entire fact discovery period. Due process does not require a district court to remain indefinitely paralyzed by a plaintiff's absolute inaction. This factor weighs in favor of dismissal.

#### 5. Efficacy of Lesser Sanctions: No Alternative Remedy Could Cure a Total and Incurable Absence of Trial Evidence

The Plaintiff contends that the District Court erred by failing to consider or impose a lesser sanction. Pl.'s Br. At 18-21. However, a lesser sanction, such as a monetary fine, cannot retroactively manufacture trial evidence where none exists. Fact discovery had closed with a record completely devoid of any evidence to support the Plaintiff's claims. Even if the District Court had fined Plaintiff's counsel, the parties would still have stood at the summary judgment threshold with an absolute absence of proof on every essential element of the Plaintiff's claims. As the District Court accurately observed, "[a]ny lesser sanction than dismissal with

prejudice would require defendants to begin again, and expend, once again, the significant effort and resources to defend this case anew." *Order* at 7 (JA270). Where a plaintiff's total failure to participate in fact discovery results in no admissible evidence to support her claims, any action short of entering summary judgment for the moving party is an exercise in futility and a severe injustice to the prevailing defendants. For these reasons, this factor weighs in favor of dismissal.

#### 6. Culpability: Plaintiff's Consistent Disregard of Court-Ordered Deadlines Constitutes Reasonably Serious Fault as a Matter of Law

The Plaintiff argues that the District Court erred because it "did not consider whether Plaintiff's delay was willful or in bad faith," asserting that the record lacks any evidence of egregious misconduct. *Pl.'s Br.* at 19. This argument relies on an incomplete reading of the governing standard. Under this Court's established framework, a dismissal for failure to prosecute does not require an affirmative finding of subjective bad faith or malicious intent; rather, it is fully warranted "upon a finding of willfulness, bad faith, or *reasonably serious fault*." *Mitchell v. Lyons Prof'l Servs.*, 708 F.3d 463, 468 (2d Cir. 2013) (emphasis added). The Plaintiff deliberately avoids the "reasonably serious fault" standard, because she knows that her conduct easily meets that standard.

The Plaintiff's absolute refusal to fulfill her basic obligations during the five-month discovery window constitutes reasonably serious fault. As the District Court

properly identified, Plaintiff's "repeated failures, without adequate explanation, to comply with basic deadlines" paralyzed the advancement of the litigation. *Order* at 7 (JA270). A total five-month refusal to fulfill litigation obligations is hardly inactionable or excusable delay.

The District Court correctly observed that a systemic pattern of non-compliance routinely warrants dismissal with prejudice in this Circuit. For example, in *Stoute v. Rockefeller Found.*, 1995 WL 708690, at *2 (S.D.N.Y. Nov. 30, 1995), the court dismissed a complaint for failure to prosecute where the plaintiff failed to conduct discovery and failed to submit a response to a summary judgment motion. *Order* at 6 (JA269). The record here documents similar, multi-layered defaults. The Plaintiff completely failed to timely participate in fact discovery, failed to seek a modification within the timeline permitted by Individual Practice Rule 2(e)(v), and filed her summary judgment opposition two weeks past the court-ordered deadline without ever obtaining an extension of time. This unbroken chain of procedural non-compliance satisfies the standard for reasonably serious fault. Because the Plaintiff's defaults were unexcused, protracted, and entirely within her control, the District Court acted well within its sound discretion.

In sum, the District Court's evaluation of the failure to prosecute factors demonstrates that a ruling of dismissal (had one entered) would have been a valid exercise of judicial discretion. Thus, even if this Court evaluates the judgment under

that inapposite failure to prosecute standard (which the Defendants respectfully submit it should not), the Plaintiff's systemic pattern of non-compliance, unexcused delay, and serious fault leaves no basis for reversal.

## CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, the Defendants-Appellees respectfully request that the judgment of the District Court be affirmed.

Respectfully submitted,

The Defendants-Appellees,
Napoli Shkolnik, PLLC, Paul Napoli, and
Marie Napoli

By: *<u>/s/ Holly G. Rogers</u>*
Holly G. Rogers
Melick & Porter, LLP
900 Main Street South
Southbury, CT 06488
203 533-6252
hrogers@melicklaw.com

## CERTIFICATE OF COMPLIANCE

This brief complies with Fed. R. App. P. 32(a)(7) in that (1) it contains 7690 words; and (2) it was prepared with a proportionally-spaced typeface using Microsoft Word for Microsoft 365 MSO in Times New Roman 14-point font.

___*/Holly G. Rogers/*_________________
Holly G. Rogers