# 25-2528

## United States Court of Appeals
*for the*
## Second Circuit

Selma Moy,

*Plaintiff-Appellant,*

v.

Napoli Shkolnik, PLLC, Paul Napoli, Marie Napoli,

*Defendants-Appellees,*

Gloria Werle, Salvatore C. Badala,

*Defendants*.

On appeal from a Judgment of the United States District Court,
Southern District of New York

# Reply Brief of Plaintiff-Appellant

Stephen Bergstein

Bergstein & Ullrich
5 Paradies Lane
New Paltz, New York 12561
(845) 469-1277
Counsel for Plaintiff-Appellant

## Table of Contents


Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Point I: Plaintiff properly frames this appeal as a challenge to dismissal under Fed. R. Civ. P. 41(b) . . . . . . . . . . . . . . . . . . . . . . . . . 2

Point II: The district court abused its discretion in holding that Plaintiff failed to prosecute this case, warranting dismissal under Rule 41(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

1. There was no "delay of significant duration" . . . . . . . . . . . . . . . . . . . 5

2. The district court did not formally warn Plaintiff that delay risked dismissal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

3. Defendants have not shown that a discovery extension would have caused it to suffer any prejudice . . . . . . . . . . . . . . . . . . . . . . . . . 9

4. The district court did not properly balance its calendar against Plaintiff's opportunity to proceed on the merits . . . . . . . . . . . . 12

5. The district court did not adequately consider lesser sanctions . . . . . . 14

6. The district court did not consider whether Plaintiff's delay was willful, in bad faith, or the produce of "reasonably serious fault". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Point III: The district court improperly granted summary judgment for Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Certification . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

## Table of Authorities

### Cases

Baptiste v. Sommers,
768 F.3d 212 (2d Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . 10, 12, 13, 15, 16

Costello v. Paramount Global, Inc.,
2026 WL 1378300 (2d Cir. May 18, 2026) . . . . . . . . . . . . . . . . . . . . . . . . . 15

Daval Steel Products v. M/V Fakredine,
951 F.2d 1357 (2d Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Drake v. Norden Sys., Inc.,
375 F.3d 248, 254 (2d Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Jankowski v. Eric M. Taylor,
No. 14-CV-7434 (AJN), 2015 WL 3939186 (S.D.N.Y. June 25, 2015) . . . 12

Kaplan v. Hezbollah,
844 F. App'x 459 (2d Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

LeSane v. Hall's Sec. Analyst, Inc.,
239 F.3d 206 (2d Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Lewis v. Rawson,
564 F.3d 569 (2d Cir. 2009 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Lediju v. N.Y.C. Dept. of Sanitation,
173 F.R.D. 105 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Lopez v. Pichardo 2230 Restaurant Corp.,
734 F. App'x 16 (2d Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Lucas v. Miles,
84 F.3d 532 (2d Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 12, 14, 15

Lyell Theater Corp. v. Loews Corp.,
682 F.2d 37 (2d Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7, 11

Martens v. Thomann,
273 F.3d 159 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Mitchell v. Lyons Professional Services,
708 F.3d 463 (2d Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Nita v. Conn. Dept. of Env't Protection,
16 F.3d 482 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Peters-Turnbull v. Bd. of Educ. of City of New York,
7 F. App'x 107 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

Romandette v. Weebatix Co.,
807 F.2d 309 (2d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Romano v. Laskowski,
2024 WL 4635227 (2d Cir. Oct. 31, 2024) . . . . . . . . . . . . . . . . . . . . . . 16

Shannon v. General Electric Co.,
186 F.3d 186 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 10

Smalls v. Port Auth. of New York and New Jersey,
120 F. App'x 396 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

SongByrd, Inc. v. Est. of Grossman,
206 F.3d 172 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.,
694 F.3d 155 (2d Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

**Statute**

Fed. R. Civ. P. 41(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

## Preliminary Statement

In granting summary judgment on the basis that Plaintiff-Appellant Selma Moy lacked any admissible evidence due to her failure to timely engage in discovery, the district court held that the five factors under Fed. R. Civ. P. 41(b) "weigh[] in favor of dismissal for failure to prosecute." (JA 270). Plaintiff challenges this finding as an abuse of discretion, arguing the district court did not properly apply the factors and failed to determine whether Plaintiff's discovery omissions were willful, in bad faith, or the product of "reasonably serious fault." The record simply does not justify the harsh dismissal under Rule 41(b) or summary judgment resulting from the preclusion of Plaintiff's evidence.

On appeal, Defendants argue that Plaintiff improperly focuses her challenge to "a non-existent sanction-based dismissal under Federal Rule of Civil Procedure 41(b) for failure to prosecute." (Def. Br. at 1). They repeat this argument throughout their brief. However, as demonstrated below, Plaintiff challenges the Rule 41(b) dismissal because the district court expressly applied the factors guiding failure-to-prosecute dismissals. As this harsh sanction was unwarranted, Defendants cannot justify dismissal under Rule 41(b). This Court should reinstate the Complaint allow Plaintiff to litigate her racial discrimination claims on the merits.

## Point I

### Plaintiff properly frames this appeal as a challenge to dismissal under Fed. R. Civ. P. 41(b)

Defendants repeatedly argue that, through "analytical diversion," Plaintiff deliberately mischaracterizes the district court ruling by claiming the case was dismissed under Rule 41(b) when the district court instead granted Defendants' motion for summary judgment. *See* Def. Br. at 1-2, 7, 9 & n.2, 11-12, 16-17, 19.

However, the district court's ruling expressly considered whether Plaintiff failed to prosecute this action under Rule 41(b), and it applied the five-factor test. *See* JA 264 ("[A] summary judgment motion may be granted by default if the facts justify a dismissal for failure to prosecute") (quoting *Lediju v. N.Y.C. Dept. of Sanitation*, 173 F.R.D. 105, 110 (S.D.N.Y. 1997)); JA 265 (articulating the factors before concluding "the balance of these factors weighs in favor of dismissal"). The failure-to-prosecute analysis (JA 265-66) was inextricably bound with the summary judgment ruling, which did not discuss the merits of the case and instead held that Plaintiff lacked any admissible evidence due to her discovery omissions. *See* JA 266 ("because Plaintiff has failed to prosecute her case during the discovery period, and because there is no timely-disclosed evidence to support her claims, summary judgment for Defendants is appropriate"). Defendants' argument that "the District Court did not dismiss the case for failure to prosecute" (Def. Br. at 9 n.2) is semantic. Not only did the district court find that "the balance of [the Rule

41(b)] factors weighs in favor of dismissal (JA 269), but adverse application of these factors necessarily led to summary judgment against Plaintiff. Further undermining Defendants' argument, in seeking leave to file their motion to dismiss, they cited Rule 41(b) and Plaintiff's alleged "failure to prosecute." (JA 125).

Put differently, the Rule 41(b) analysis informed the summary judgment ruling. The district court denied Plaintiff's motion for additional time to complete discovery (JA 70), forcing Plaintiff to oppose summary judgment without the benefit of full discovery. *See* JA 267 ("because Plaintiff did not participate in the discovery process in any way while fact discovery was open in this case, there is no evidence in the discovery record supporting any element of her claims"). While Plaintiff presented evidence on the summary judgment motion, the district court stated that "none of these materials were disclosed during the fact discovery period," making this "belated proffer" unsuitable for review on the motion. (JA 268). Buttressing its holding that the Rule 41(b) failure-to-prosecute analysis informed the district court's summary judgment ruling, the court reviewed each factor under *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

Finally, Defendants argue that Plaintiff has not appealed the denial of her extension request under Rule 16. (Def. Br. at 16). That order, dated January 31, 2025 (JA 66), is incorporated in the Notice of Appeal (JA 268), which necessarily

brings up for appellate review all interlocutory rulings. *See SongByrd, Inc. v. Est. of Grossman*, 206 F.3d 172, 178 (2d Cir. 2000) ("a notice of appeal from a final judgment brings up for review all reviewable rulings 'which produced the judgment'"). As the district court's order denying Plaintiff's discovery extension request led to its Rule 41(b) analysis and summary judgment ruling, the January 31, 2025 order is properly under review.

## Point II

### The district court abused its discretion in holding that Plaintiff failed to prosecute this case, warranting dismissal under Rule 41(b)

As Plaintiff noted in her Opening Brief, the test for determining whether a party has failed to prosecute under Rule 41(b) is as follows:

> "[W]e review the trial court's decision by examining whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions."

*Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). Each of these factors favors Plaintiff's position, and none of Defendants' contrary arguments are persuasive.

**1. There was no "delay of significant duration."**

The deadline to complete fact discovery was January 31, 2025, only four months after the discovery order issued (JA 47), and Defendants do not dispute that Plaintiff made a single request for additional time. As courts frequently extend discovery deadlines, the time sought by Plaintiff to complete discovery – 60 days (JA 70) – was not "significant," particularly since discovery as a whole (including expert discovery) was set to end by March 17, 2025, only two weeks before the 60-day extension – if granted – would have expired. (JA 48). Even if the district court granted the 60-day extension without adjusting the expert discovery deadline, that extension would not have significantly disrupted the overall deadlines. And, as Plaintiff proceeded to serve her initial disclosures upon Defendants (JA 130-36), she signaled her readiness to proceed with discovery. The cases in Plaintiffs' Opening Brief, at 9-10, confirm this delay was not significant. Simply put, Plaintiff did not intend to abandon the case.

Rather than distinguish the cases in Plaintiff's brief, Defendants cite *Shannon v. General Electric Co*., 186 F.3d 186 (2d Cir. 1999), and *Lyell Theater Corp. v. Loews Corp*., 682 F.2d 37 (2d Cir. 1982). Neither case advances Defendants' position, and they undermine Defendants' argument that a two-month fact-discovery extension "is the literal definition of a significant delay." (Def. Br. at 21).

In *Shannon*, the district court dismissed the case for failure to prosecute after the plaintiff did not pursue his claims for two years after the district court denied his motion to amend the complaint. 186 F.3d at 190-91, 194. During that time, the plaintiff ignored the court's order seeking an affidavit "as to why this action should not be dismissed." *Id*. at 190-91. As this "[i]naction and lethargy became the rule," the case was dismissed. *Id*. at 194; *see also id*. at n.6 ("Shannon's nearly two-year delay following the court's 1996 order was not, moreover, 'the first instance of delay attributable to the plaintiff'"). While Defendants claim that "inaction and lethargy became the rule" in our case (Def. Br. at 20), Moy did not abandon her case for two years, and her attorney – after providing a reason for his inaction – produced her Rule 26 disclosures only one week after requesting a 60-day discovery extension. (JA 130-36). And, the cases cited in *Shannon* support Plaintiff's argument. In *Lucas v. Miles,* 84 F.3d 532 (2d Cir. 1996), the plaintiff's 39-day non-compliance was not enough for dismissal. *Id*. at 535. In *Nita v. Connecticut Dept, of Environmental Protection*, 16 F.3d 482 (2d Cir. 1994), the plaintiff's "less than two months in default in responding to defendants' motions" did not warrant dismissal. *Id*. at 486.

Nor does *Lyell* support dismissal. In that case, the delays were far more extensive than anything in our case. In *Lyell*, the plaintiffs performed almost no work on the case for a full year (1974) and they "did nothing to move this case

during the last nine months of 1975, the entire year of 1976, and the first six months of 1977." 682 F.2d at 39. When new counsel entered the case in mid-1977, they neglected various commitments through August 1979, resulting in an order of dismissal in August 1981. *Id.* at 39-40. In affirming dismissal, this Court noted that plaintiff "was warned in July 1977 that dismissal was possible, and a motion to dismiss for failure to prosecute under Rule 41(b) was made in September 1977. It was warned again in May and November 1979. And, finally, defendants moved under Rule 37 for dismissal in March 1980. Numerous requests for adjournments postponing deadlines by which discovery was to be complete were granted appellant. It had a hearing on both motions to dismiss. The circumstances reveal that appellant certainly knew what the consequences would be for its failure to cooperate in completing discovery." *Id.* at 42. The repeated unmet deadlines and delays extending over the course of a half-decade in *Lyell* bear no resemblance to Moy's case.

**2. The district court did not formally warn Plaintiff that delay risked dismissal.**

"Parties must be given notice and an opportunity to respond before a cause of action, or potential remedy, is dismissed as a sanction for failure to comply with court orders." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.,* 694 F.3d 155, 160 (2d Cir. 2012). The record does not show that the district court

formally put Plaintiff on notice that the case risked dismissal for failure to comply with the discovery schedule.

Although the district court held the second factor favored Plaintiff's position on the summary judgment motion (JA 269), Defendants argue otherwise, mischaracterizing Plaintiff's position in claiming she seeks reinstatement solely on the basis of this factor. (Def. Br. at 22). They further claim the scheduling order provided notice of "the consequences of non-compliance" with the discovery deadlines. (*Id.*) But the scheduling order did not warn that the case would be *dismissed* for non-compliance with deadlines. Instead, it stated that fact discovery would not extend beyond 120 days without "exceptional circumstances." (JA 47). While Defendants emphasize that the district court's Individual Practice Rules state that discovery extensions are highly unlikely, and that parties must submit requests for that relief at least two days prior to the deadline (Def. Br. at 23), again, it does not warn litigants they will face dismissal under Rule 41(b).

The strict deadlines in the scheduling order and the Individual Practice Rules do not constitute notice that the case risked outright dismissal for noncompliance with discovery deadlines. But that is what happened in this case, as the district court expressly invoked Rule 41(b) in granting summary judgment. (JA 269-270). Strict application of the Rule 41(b) factors led the district court to hold that

Plaintiff lacked any "timely-disclosed record evidence" in opposition to the summary judgment motion. (JA 270).

On this factor, Defendants cite *Daval Steel Prods. v. M.V. Fakredine*, 951 F.2d 1357 (2d Cir. 1991), for the proposition that "[p]arties and counsel have no absolute entitlement to be 'warned' that they disobey court orders at their peril." (Def. Br. at 22) (quoting 951 F.2d at 1366). But in *Daval*, unlike here, the plaintiff engaged in willful noncompliance with discovery orders and had previously obstructed discovery. 951 F.2d at 1367. Other cases, cited in Plaintiff's Opening Brief, emphasize that the "no further extensions" warning in the judge's rules "is not sufficient to place a party on notice" that a party will face dire consequences for noncompliance with discovery deadlines. *World Wide Polymers,* 694 F.3d at160.

**3. Defendants have not shown that a discovery extension would have caused it to suffer any prejudice.**

Defendants argue that "the record documents severe prejudice" should this Court "strip Defendants of their validly acquired procedure posture" and that "to compel them to commence fact discovery anew – months after the operative deadlines had expired – is the definition of manifest prejudice." (Def. Br. at 24). The "validly acquired procedural posture" is Defendants' summary judgment victory. (*Id.*) The logical hole in this argument is that, if this Court vacates summary judgment because the district court improperly dismissed the case under

Rule 41(b), then any prejudice to Defendants – including their speculative concern about faded witness memories and stale evidence (*id.*) – would be the necessary byproduct of a reversible district court ruling and the months-long appellate process. That is not "severe prejudice" but the consequence of an appellate victory, not materially different from the reversal of a Rule 12 order that reinstates the complaint and allows the parties to pursue discovery a year or more after the case was originally dismissed.

Defendants also cite the district court's reasoning that, "as to prejudice, having to re-start factual discovery after the period for it has long ended is quite unreasonable, and 'presumptively prejudices the defendants.'" *Id.* at 23 (quoting JA 269). But the full context of the "presumptive prejudice" quotation tells a different story. That language derives from *Shannon*, where this Court stated that, while "[p]rejudice to defendants resulting from unreasonable delay may be presumed," the other cases find no prejudice from the plaintiff's inaction where there was "no indication that evidence [wa]s likely to be lost, or that discovery ha[d] been made more difficult." 186 F.3d at 195 (citing *Romandette v. Weebatix Co.*, 807 F.2d 309, 312 (2d Cir. 1986)); *see also Baptiste v. Sommers*, 768 F.3d 212, 218 (2d Cir. 2014), and *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001) (both holding that the defendants identified no actual prejudice resulting from the delays).

In our case, Defendants speculate, but do not establish, that they suffered prejudice from Plaintiff's failure to proceed with discovery within the scheduling order deadline. In contrast, *Shannon* cited precedent finding prejudice where "some of [defendants'] witnesses likely would have been unavailable or their recollection of the events at issue may well have been diminished." (*Id.*) (citing *Lyell*, 682 F.2d at 43). Defendants have not argued that any such prejudice exists here. As this Court noted, "A presumption of prejudice is particularly appropriate where . . . the plaintiff's delay was prolonged." (*Id.*) (citing *Lyell*, 682 F.2d 43) ("in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater"). But granting Plaintiff's request for 60 additional days to complete discovery, turning a four-month deadline into a six-month deadline, does not create a remarkable timeframe under Rule 41(b), especially since all discovery was set to end by March 17, 2025 with the completion of expert discovery (JA 48), and, without adjusting the expert discovery deadline, Plaintiff's 60-day extension request sought a fact discovery deadline that would have exceeded the overall discovery deadline by only two weeks.

Nor do the other cases in Defendants' brief support dismissal of Plaintiff's claims. In *Lopez v. Pichardo 2230 Restaurant Corp.*, 734 F. App'x 16 (2d Cir. 2018), the plaintiff's inaction for two years was "significant" and, unlike here, the

defendants identified specific prejudice. *Id.* at 18. In *Smalls v. Port Auth. of New York and New Jersey*, 120 F. App'x 396 (2d Cir. 2005), the plaintiff "took no action to prosecute [the] case" for 21 months, *id.* at 397, far longer than Moy's discovery omission. That delay was sufficiently "prolonged" to presume the defendant had suffered prejudice. *Id.* at 399; *see also Peters-Turnbull v. Bd. of Educ. of City of New York*, 7 F. App'x 107, 110 (2d Cir. 2001) (affirming dismissal in part due to "Peters-Turnbull's failure to comply with repeated discovery requests and court orders has extended this lawsuit over five years").

In the end, "prejudice to Defendants of dismissing the action is limited since this case is in its very early stages." *Cutting v. Riveles Wahab LLP*, No. 23-CV-6040, 2024 WL 3833890, at *2 (S.D.N.Y. Aug. 14, 2024) (citing *Jankowski v. Eric M. Taylor*, No. 14-CV-7434 (AJN), 2015 WL 3939186, at *3 (S.D.N.Y. June 25, 2015)). Since Plaintiff's discovery omissions were neither repeated nor the product of prolonged delay, she sought only two additional months to complete discovery, and Defendants – in opposing that application – did not assert any prejudice (JA 125), this Court should reinstate the Complaint.

**4. The district court did not properly balance its calendar against Plaintiff's opportunity to proceed on the merits.**

In her Opening Brief (at 17), Plaintiff cited Second Circuit authority that "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court."

*Lucas*, 84 F.3d at 535-36. Plaintiff also cited *Baptiste*, which stated, in reversing the Rule 41(b) dismissal, that "the court did not indicate, nor do we have reason to believe, that Baptiste's case strained its docket in any unusual way" even though "the case stalled for two years." 768 F.3d at 218-19.

Rather than distinguish these cases, Defendants cite the district court's finding that "judicial economy would not be served by re-starting this case in light of Plaintiff's repeated failures, without adequate explanation, to comply with basic deadlines." (Def. Br. at 25) (quoting JA 270). Beyond that, Defendants assert the general principle that "the authority to dismiss a case for failure to prosecute 'is vital to the efficient administration of judicial affairs, and provides meaningful access for other prospective litigants in overcrowded courts.'" *Id.* at 25-26 (citing *Peters-Turnbull*, 7 F. App'x at 109). But Plaintiff's discovery omissions were not prolonged, and – contrary to the district court's finding that Plaintiff "offers no reason" why she "failed to respond to Defendants' discovery requests" (JA 268) – counsel provided an adequate explanation: three separate trials and a personal commitment. (JA 123). Plaintiff also provided her Initial Disclosures a week later, signaling her willingness to proceed with discovery. (JA 127). As Plaintiff sought a 60-day discovery extension, she was not asking the district court "to remain indefinitely paralyzed by [her] absolute inaction." (Def. Br. at 26).

The general rules in Defendants' brief about avoiding court congestion cannot overcome this Court's more specific requirement that trial courts identify "compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas*, 84 F.3d at 535-36. This factor favors reinstating the Complaint.

**5. The district court did not adequately consider lesser sanctions.**

Defendants have not persuasively defended the district court's reasoning in dismissing the case outright. The district court merely stated that "[a]ny lesser sanction than dismissal with prejudice would require defendants to begin again, and expend, once again, the significant effort and resources to defend this case anew." (JA 270). This reasoning assumes that Defendants would have to start over in discovery. But Defendants had only served demands and had not taken any depositions; discovery was still in the early stages. Plaintiff's proposed 60-day discovery extension would not have required Defendants to serve new demands.

Defendants argue that "a lesser sanction, such as a monetary fine, cannot retroactively manufacture trial evidence where none exists." (Def. Br. at 26). Apart from the fact that Plaintiff also argues that the district court could have issued a reprimand or granted a limited time to complete discovery (Pl. Br. at 16), Defendants assume that Plaintiff argues that a fine alone would have sufficed. But Plaintiff instead sought 60 additional days to complete discovery. Contrary to

Defendants' argument (Def. Br. at 26), the completion of discovery would have allowed the parties to litigate the case on summary judgment with admissible evidence.

Nor do Defendants address the cases, cited in Plaintiff's Opening Brief (at 16), holding that full dismissal is a severe penalty that warrants consideration of lesser penalties. *See Baptiste*, 768 F.3d at 219; *Lucas*, 84 F.3d at 536, and *Martens v. Thomann*, 273 F.3d 159, 182 (2d Cir. 2001). As the district court cursorily addressed this factor, and Defendants overlook the requirement that the lower court expressly consider penalties other than dismissal with prejudice, this Court should reinstate the Complaint.

**6. The district court did not consider whether Plaintiff's delay was willful, in bad faith, or the product of "reasonably serious fault."**

This Court holds that dismissal with prejudice is a harsh sanction. Dismissal "should be used only in 'extreme situations,' and even then only upon a finding 'of willfulness, bad faith, or reasonably serious fault.'" *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013). Defendants do not argue that the district court did not find willfulness or bad faith. Instead, they argue that Plaintiff's conduct "easily meets" the "reasonably serious fault" test. (Def. Br. at 27).

In determining whether to dismissal under Rule 41(b), "a district court *must* make a finding of 'willfulness, bad faith, or reasonably serious fault by evaluating'" the five-factor test. *Costello v. Paramount Global, Inc.*, 2026 WL

1378300, at *2 (2d Cir. May 18, 2026) (summary order) (emphasis supplied) (quoting *Baptiste*, 768 F.3d at 217); *see also Romano v. Laskowski*, 2024 WL 4635227, at *4 (2d Cir. Oct. 31, 2024) (summary order) ("our precedent is clear that before dismissing a case with prejudice under Rule 41(b), a district court must make a finding of 'willfulness, bad faith, or reasonably serious fault'"); *Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021) (summary order) (remanding for further consideration, reasoning that, "while the district court recited the five factors in its brief order, it did not fully discuss the factors, as it should have. In particular, the district court did not discuss whether a brief extension with a more explicit warning would have been effective in moving the case along, and so had not adequately considered the possibility of a less drastic sanction. The court also failed to make a clear finding of willfulness, bad faith, or serious fault, as required"). The lack of such a finding warrants reversal. *Romano*, 2024 WL 4635227, at *5.

Defendants do not argue that the district court made this required finding. Instead, they quote the district court's determination that Plaintiff' committed "repeated failures, without adequate explanation, to comply with basic deadlines." (Def. Br. at 27-28) (quoting JA 270). But the district court offered that analysis in connection with one of the factors: whether judicial economy would be served by permitting the case to proceed. (JA 270). The district court did not state as such in

making a finding of "willfulness, bad faith, or reasonably serious fault." And, as demonstrated above, Plaintiff's counsel offered an adequate explanation: his trial schedule and a personal commitment.

Defendants further argue that Plaintiff met the "reasonably serious fault" standard through her 'multi-layered defaults," as she "failed to timely participate in fact discovery, failed to seek a modification within the timeline permitted by Individual Practice Rule 2(e)(v), and filed her summary judgment opposition two weeks past the court-ordered deadline without ever obtaining an extension of time." (Def. Br. at 28). This argument improperly brings the late summary judgment submission into the analysis, which considers only whether the plaintiff failed to comply with discovery obligations. While the district court alluded to the summary judgment submission (JA 268), in addressing the five factors under Rule 41(b), it only cited the discovery omissions. (JA 269-270). Simply put, Plaintiff's discovery delays – particularly in light of counsel's justifications, the willingness to expeditiously complete discovery under the 60-day proposed extension, and Plaintiff's production of Initial Disclosures one week after seeking additional time – do not constitute "willfulness, bad faith, or reasonably serious fault" as a matter of law.

## Point III

## The district court improperly granted summary judgment for Defendants

Defendants argue that Plaintiff has not challenged "the District Court's primary, independent ground for entering judgment – the total absence of admissible evidence under Rule 56." (Def. Br. at 10). Rather, "Plaintiff has chosen to appeal an imaginary Rule 41(b) dismissal while completely boycotting the actual, merits-based summary judgment entered against her," warranting affirmance on waiver grounds. *Id*. at 11. This is not true.

Plaintiff's Opening Brief devoted Point II to challenging the grant of summary judgment, arguing that her evidence – even if precluded as a result of the district court's order denying any discovery extension – demonstrates she has a meritorious case for racial discrimination. Plaintiff's argument provided a preview of the evidence that would have been developed in discovery. *See* Opening Brief at 28-29.

As the district court declined to consider the evidence that Plaintiff adduced in opposition to the summary judgment motion on the basis that Plaintiff failed to produce it in discovery, it granted Defendants' motion for summary judgment without discussing the merits of the case or even addressing the evidence that Defendants submitted in support of the motion. Rather than analyze the evidence on the merits, the district court justified that omission by holding that involuntary

dismissal was proper under Rule 41(b), holding the balance of the five factors under that provision "weighs in favor of dismissal." (JA 269).

Since the district court did not grant summary judgment on the substance of the case, contrary to Defendants' position on appeal, Plaintiff had no basis to challenge that ruling beyond arguing that dismissal was improper under Rule 41(b) and that, had the district court granted Plaintiff a 60-day extension to complete discovery, Plaintiff had enough evidence at hand to demonstrate a good-faith basis for requesting that the case ultimately be resolved on the merits.

**Conclusion**

The district court abused its discretion in granting summary judgment and dismissing this case for failure to prosecute under Rule 41(b). This Court should vacate that order and remand this case for discovery.

Dated: June 15, 2026

Respectfully submitted,

*/s/ Stephen Bergstein*

Bergstein & Ullrich
5 Paradies Lane
New Paltz, New York 12561
(845) 469-1277

*Counsel for Plaintiff-Appellant*

## Certification

Stephen Bergstein, counsel for Plaintiff-Appellant, affirms that this brief complies with FRAP 32(a)(7) in that it utilizes non-proportional typeface with no more than 10.5 characters per inch. The font is Times New Roman 14-point. The brief contains 4,319 words.

*/s/ Stephen Bergstein*
Stephen Bergstein